# HARRALL *vs*. THE STATE.

1. If the order for a change of venue, in a criminal case, directs the clerk to transmit " the original papers in the cause," it is nevertheless his duty (Code, § 3613) to transmit a transcript ; and such order, even if erroneous, is no ground for a reversal of the judgment and sentence of conviction.

2. The failure of the clerk, after a change of venue has been ordered, to transmit a transcript to the clerk of the court to which the trial is removed, and the failure to have the cause entered on the docket of that court at the term next after the order of removal, is no discontinuance of the prosecution.

3. The court to which the trial is removed may (Code, § 3615) issue a *certiorari* to the clerk of the court in which the indictment was found, requiring him to transmit certified copies of any and all papers and entries in the cause, and may order the original papers to be returned to him.

4. It is not necessary that an indictment, under the forms prescribed by the Code, should be signed by the solicitor.

5. The certified copy of the indictment may be read to the jury on the trial ; and therefore, if the entire transcript, containing a copy of the indictment,

is offered to the jury, and the defendant objects to it as a whole, his objection may be overruled.

6. A verdict finding the defendant "guilty of murder in the first degree, and penitentiary for life," is sufficient to support a judgment of conviction and sentence of confinement in the penitentiary for life.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

HENRY HARRALL, the appellant, was indicted at the Fall term, 1853, of the Circuit Court of Wilcox, for the murder of one John T. Daniel,—was arrested and arraigned at the same term, and pleaded not guilty, and a day was set for his trial. On a subsequent day of the term, before the day appointed for his trial, he made affidavit for a change of venue, which was granted by the court ; whereupon it was agreed that the trial should be removed to Dallas county, and it was ordered by the court " that the clerk of this court transmit, by safe and convenient mode, to the clerk of the Circuit Court of Dallas, securely sealed up, the original papers and copies of all orders and entries made in said cause, under his hand, official seal, &c.; and, also, that Thursday of the second week be set apart for the trial of this cause by consent."

At the Spring term, 1854, of the Circuit Court of Dallas, on motion of the solicitor, the prisoner being present in person, it was ordered " that a *certiorari* issue to the clerk of the Circuit Court of Wilcox, commanding him to send to this court a complete transcript of this cause, including the caption of the grand jury, a copy of the indictment, and all the orders made in said cause, under his hand and seal, by the next term of this court" ; and it was further ordered, " that the clerk of said court have leave to withdraw the original indictment, and all other original papers, which he has sent to this court." At the same term, when the case was regularly called on the docket, " the defendant asked leave to withdraw his plea of not guilty, for the purpose of moving to strike the case from the docket as having been discontinued by the State, and, on failure of such motion, to demur to the indictment; which motion was continued by the court, together with the cause in which it is made."

At the Fall term, 1854, the court having granted the de-

fendant leave to withdraw his plea of not guilty, he renewed his motion to strike the case from the docket on account of the alleged discontinuance; and on the hearing of this motion, in addition to the proof of all the proceedings and orders as above set forth, "it appeared in evidence, that the Fall term, 1853, of the Dallas Circuit Court adjourned on the second day of the term, and that, at the time of said adjournment, no papers in this case, nor transcript of the proceedings, had been received from the clerk of Wilcox Circuit Court, nor was the case placed upon the docket of the Dallas Circuit Court. It was further in evidence, that the transcript from Wilcox Circuit Court was not received until the 13th February, 1854. The clerk of the Circuit Court of Wilcox was then introduced, who testified, that he did not make out the transcript until after the adjournment of Dallas Circuit Court, and his reason for not doing so was, that he had heard the court was adjourned." The court overruled the motion to strike the case from the docket, and the defendant excepted.

The defendant then demurred to the indictment, "because it was not signed by the solicitor of the circuit, but by one ' A. Tomlinson, sol. *pro tem.* 2d circuit'; which demurrer the court overruled, and the defendant then pleaded not guilty."

The attorney for the State offered in evidence to the jury a paper purporting to be a complete transcript of all the proceedings in the case had in the Circuit Court of Wilcox, containing a copy of the original indictment, certified under the hand and seal of the clerk of that court; to the reading of which transcript the defendant objected, but his objection was overruled by the court, and he excepted.

The jury returned a verdict finding the prisoner " guilty of murder in the first degree, and penitentiary for life"; and on this verdict the court rendered a judgment of conviction and sentence of confinement in the penitentiary for life.

The errors now assigned are, 1st, that the court erred in overruling the demurrer to the indictment; 2d, in granting a *certiorari* to the clerk of the Circuit Court of Wilcox; 3d, in not striking the case from the docket as having been discontinued; 4th, in rendering judgment on the verdict; 5th, in the several matters shown in the bill of exceptions.

Harrall v. The State.

GEO. W. GAYLE, with whom was B. WILLIAMSON, for appellant :

1. The indictment is defective, in not being signed by the solicitor. It is drawn under the Code, and the statute adopting the form is mandatory.—Code, § 3502 ; *Ex parte* Simonton, 9 Porter 390.

2. The Circuit Court of Dallas had no jurisdiction of the case ; it could not try on the original indictment, and had no right to award a *certiorari* requiring the clerk of the Circuit Court of Wilcox to violate the instructions of another judge. Spencer, v. Barber, 5 Hill (N. Y.) 568 ; 2 Sup. U. S. Dig. 248, § 10 ; Lynes v. The State, 3 Porter 348 ; Starr v. Francis, 22 Wend. 633 ; 4 Hill 554.

3. The prosecution had been discontinued by not sending a transcript from Wilcox to the first court in Dallas.—Kennon v. Bell, Minor's R. 98 ; Drinkard v. The State, 20 Ala. 9 ; Griffin v. Osbourne & Co., *ib.* 594 ; 2 Hawk. P. C. 416, § 84 ; *ib.* 417, § 88. The appellant was entitled to a "speedy public trial" : if such delays are tolerated, a man may be kept in jail until his witnesses die, or move away.—Const. Ala. § 10. The prisoner could exercise no control over the matter, and it was not his fault.—Code, § 713. The prosecution had been discontinued, also, by striking the case from the docket of the Wilcox court under such instructions to the clerk that no other court could take jurisdiction of it.—Drinkard v. The State, *supra*.

4. No judgment could be rendered on the verdict. In criminal matters, nothing can be taken by intendment.—The State v. Seay, 3 Stew. 123.

M. A. BALDWIN, Attorney General, *contra :*

1. The indictment need not be signed by the solicitor : it derives its authenticity from the action of the grand jury.— Ward v. The State, 22 Ala. 19.

2. Although *certiorari* is a writ issuing from a superior to an inferior court, yet the authorities sustaining it, in such cases as this, from one circuit court to another, are too numerous to be now questioned : the power is grounded, principally, on the necessity of the case.—Calhoun v. The State, 4 Humph. 477 ; Barnes v. The State, 5 Yerg. 182 ; The State

v. Collins, 3 Dev. 119; The State v. Craton, 6 Ired. 166; The State v. Reid, 1 Dev. & Bat. 377; 1 Chitty's Criminal Law, p. 364; Code, §§ 3613, 3615.

3. The verdict is sufficiently certain; although not so full as it might have been, its meaning is clear.—Code, § 3080; The State v. Stephen, 15 Ala. 534; Nance v. The State, 6 Ala. 483; Noles v. The State, 24 Ala. 694; Poindexter v. Commonwealth, 6 Rand. 667; Pitts v. Bingham, 10 N. H. 519; Schlenker v. Risley, 3 Scam. 483; Bank v. Batty, 4 *ib.* 2; Porter v. Rummery, 10 Mass. 64; State v. Yancey, 3 Brev. 144; 1 Bay 243; Hawks v. Crofton, 2 Burr. 698; Nabors v. The State, 6 Ala. 201; 1 Chitty's Crim. Law, p. 644.

RICE, J.—Section 3613 of the Code provides, that, " when an order removing the trial in a criminal case is made, *the clerk must* make out a transcript of the caption of the grand jury, the indictment, with the endorsement thereon, and all entries relating thereto, the undertakings or recognizances of the defendant, and all the orders and judgments upon the same, the order for the removal of the trial, and all the other orders in the cause,—attach his certificate thereto, and forward it, sealed up, by a special messenger, or deliver such transcript and certificate to the clerk of the court of the county to which the trial is ordered to be removed."

The clerk is a mere ministerial officer, and his duty as such, in the cases provided for by the section of the Code above quoted, is clearly prescribed by that section. No court can relieve him from the performance of that duty, thus prescribed by statute. The rules and practice of the court, established by the court itself, may sometimes be made to yield to circumstances, to promote the ends of justice." Not so as to a statute; it is unbending, requiring implicit obedience, as well from the court" as from its suitors and its clerk. The court possesses no dispensing power as to a statute.—Jackson v. Wiseburn, 5 Wend. R. 136; Caldwell v. Mayor, 9 Paige's R. 572.

It follows from what we have above said, that the prisoner can obtain no benefit here from the fact, that in the order for the removal of the trial, the court directed the clerk to trans-

mit " *the original papers*, and copies of all orders and entries made in said cause" ; for, notwithstanding that direction, it still remained the duty of the clerk to transmit such a transcript as is required by section 3613 of the Code.

Whether the order of the Circuit Court of *Wilcox*, directing its clerk to transmit " *the original papers*, and copies of all orders and entries made in said cause", is proper or improper, so far as it relates to " the original papers", we need not decide ; for, conceding it to be improper to that extent, it certainly furnishes no ground for the reversal of the judgment of the Circuit Court of *Dallas*. It could not, and did not, disable the clerk of the Circuit Court of Wilcox from performing the duty prescribed to him by section 3613 of the Code : that clerk might have sent such a transcript as was required by that section, *and also " the original papers."*

It is evident, that there has been no discontinuance of this case, unless the omission of the clerk of the Circuit Court of Wilcox to perform the duty required of him by section 3613 of the Code, for two terms after the order was made for the removal of the trial, produces a discontinuance, under the circumstances shown in this record.

After examining all the provisions of the Code upon the subject of removing a trial in a criminal case, and many authorities upon the subject of discontinuances, our opinion is, that such omission of the clerk does not work a discontinuance, and that there has been no discontinuance in this case. —Wiswall v. Gliddon, 4 Ala. R. 357 ; Calhoun v. The State, 4 Humph. R. 477 ; The State v. Collins, 3 Dev. R. 119 ; Drinkard v. The State, 20 Ala. R. 9.

In Drinkard v. The State, 20 Ala. R. 9, the defendant had *never* been arrested ; the cause was taken from the docket *by the solicitor, with the permission of the court*, and no process issued thereon for more than two years. This court correctly held, that the cause was thereby discontinued. But in that case, the court admitted, that the defendant could not be allowed to take advantage of the omissions of the clerk, a mere ministerial officer, to perform his duty. It was *the active interference* of the prosecuting attorney with the cause, by the permission of the court, in the manner above stated, which worked the discontinuance. Neither that case, nor any other

known to us, gives any countenance to the proposition for which the prisoner contends in this case, to-wit, that the failure to docket the case at the Fall term, 1853, of the Circuit Court of Dallas, and the failure to furnish the clerk of that court with any transcript until after that term, and the failure to get a proper transcript to that court until the Fall term, 1854, amount to a discontinuance. This proposition is nothing, more than the assertion, that the mere neglect of ministerial duty by a ministerial officer, works a discontinuance of a prosecution. We do not understand this assertion to be any part of the law of this State.

As the court to which the trial of a criminal case is removed, is authorized by section 3615 of the Code to direct the clerk of the court from which it was removed " to certify any portion of the record which he has omitted, or to rectify the same", we think a *certiorari* is a proper mode of directing and requiring the clerk to certify any and every part of the record which he has omitted ; and when " the original papers" have been sent to the court to which the trial is removed, that court may restore them to the clerk of the court in which the indictment was found.

In Ward v. The State, 22 Ala. R. 17, it was correctly decided, that it was not necessary that the name of the solicitor should be signed to an indictment. The absence of his name is the only objection made to the indictment in this case ; we hold the indictment to be good.

When the trial of a criminal case is removed from one circuit court to another, section 3615 of the Code requires the defendant to be tried on " the copy of the indictment", certified as directed in section 3613. It could not, therefore, possibly be erroneous to read to the jury " the copy of the indictment" so certified.—The State v. Matthews, 9 Porter's R. 370, and cases therein cited ; Lanier v. Br. Bank, 18 Ala. R. 625. The transcript offered to the jury in this case was thus duly certified, and contained a copy of the indictment. The objection of the prisoner was general, and was made to the transcript as *a whole.* As *part* of it was clearly legal, to-wit, the copy of the indictment, there was no error in overruling the objections as made.—Hrabowski v. Herbert, 4 Ala. R. 265 ; Troutman v. Melton, 15 Ala. R. 535.

The verdict is sufficient to authorize the judgment of conviction and sentence of confinement in the penitentiary for life.—Noles v. The State, 24 Ala. R. 672, and other cases cited on the brief of the Attorney General.

There is no error in the record, and the judgment of the Circuit Court of Dallas is affirmed, and the sentence pronounced by it must be executed.