## FORRESTER *vs.* FORRESTER.

[PETITION IN PROBATE COURT FOR ALLOTMENT OF DOWER.]

1. *Discontinuance.*—Neither the mere neglect of the probate judge, to docket a cause and call it for trial, for more than twelve months after his reception of a certificate of reversal by the supreme court of a former decision in the case, nor the mere omission of the party or his counsel to have it docketed and called for trial, operates a discontinuance.

2. *Proof of location of lands in county.*—In proceedings before the probate court for an assignment of dower, if the petition avers that the lands are situated in the county, and the decree recites that dower is granted in the lands described in the petition, this is sufficient to show that the lands are situated in the county.

3. *Proof of heirs.*—Although the statute requires that the names of the heirs, &c., shall be stated in the petition, (Code, § 1361,) it is not necessary that the decree should show that the facts were proved as alleged.

4. *Right of dower not affected by husband's residence.*—The wife's right to an assignment of dower by the probate court, is not dependent on the residence of her husband in the State at the time of his death, or in the county in which the proceedings are had.

APPEAL from the Probate Court of Tuskaloosa.

IN the matter of the petition of Mrs. Sarah Forrester, for an assignment of dower in the real estate of her deceased husband, William Forrester. The petitioner resided in Georgia, and filed her petition on the 1st October, 1859. The probate court dismissed the petition, for want of security for costs; but its decree was reversed by this court, on appeal, at its January term, 1860, and the cause was

remanded.—See the case reported in 35 Ala. 594. Another decree was rendered by the probate court, in July, 1860, granting dower to the petitioner; but its decree was again reversed by this court, on appeal by the administrators, at its June term, 1861, and the cause was again remanded.— See the report in 38 Ala. 119.

"At the regular November term, 1862," as the bill of exceptions in the present record states, "the petitioner asked leave to amend her petition. When said motion was made, E. W. Peck appeared, not as the attorney of the defendants, but as *amicus curiæ*, and resisted said motion, on the ground that the proceeding was discontinued by operation of law; and showed to the court, that the certificate of the clerk of the supreme court, reversing and remanding the former decree in the cause, was received by said probate court, and filed among the papers of the cause, in August, 1861; and it further appeared, that no step, motion, or continuance, had been taken or made in the cause, either by the petitioner, or by her attorneys; nor had she, they, or any other person for her, appeared in court to prosecute said proceeding, from that time until the present; nor had any step or motion whatever been made in said cause; nor had the defendants any notice of said motion; nor was any appearance made by them. Whereupon, said E. W. Peck, as *amicus curiæ*, insisted that, by operation of law, said proceeding was discontinued; that the petitioner ought not to be allowed to make said proposed amendments, or to proceed further in the case; and moved the court to reject said motion to amend, and not to permit the petitioner to further proceed in the cause. The court overruled the motions made by said E. W. Peck, and granted the motion of the petitioner; to which rulings of the court the said Peck excepted."

The petition was accordingly amended by adding the following averments: 1st, that the decedent died in said county of Tuskaloosa, on the 6th February, 1859; 2d, that the persons named as heirs-at-law in the original petition, "are the only heirs-at-law of said decedent"; 3d, that the lands described in the petition, and in which dower was claimed, "are situated in said county of Tuskaloosa"; and,

4th, that said lands were in the possession of William Forrester, jr., one of the administrators of the decedent's estate, A notice was accordingly issued to said William Forrester, jr., which was duly executed and returned; and on the 26th January, 1863, the court rendered the following decree: "This day came the said Sarah Forrester, by her attorneys, and moved the court to proceed with the cause; and it appearing to the satisfaction of the court, that William Forrester, jr., the tenant in possession of the land in which dower is claimed—to-wit: the W. $\frac{1}{2}$, S. E. $\frac{1}{4}$, the N. E. $\frac{1}{4}$, the E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$, Sec. 17, T. 21, R. 9 west; the E $\frac{1}{2}$ N. W. $\frac{1}{4}$, the W. $\frac{1}{2}$ N. E. $\frac{1}{4}$, Sec. 20, T. 21, R. 9 west—has had due notice of this proceeding, by a notice served upon him, and returned to this court; and it further appearing to the court, that the parties in interest, as described in the petition for dower, had been duly notified of the filing of the original petition, and of the day appointed for the hearing thereof, according to law and the order of this court, as is shown by a former order and decree of the court; the court now here proceeded with the case, and to hear the proof, and to determine the right of said petitioner for dower in the lands set forth in said petition and described above. Whereupon, it appeared to the satisfaction of the court, that said Sarah Forrester is the widow of said William Forrester, deceased; that the said decedent was seized in fee, during his marriage with the said Sarah Forrester, of the several parcels of land above described, and to which the petitioner never relinquished her right of dower; that dower in said lands can be fairly assigned by metes and bounds, and that said decedent departed this life intestate. It is therefore ordered, adjudged, and decreed by the court, that the said Sarah Forrester is entitled to have an estate for her life set apart and allotted to her, in one-third of all and singular the lands hereinbefore described.

The administrators appeal from this decree, and make the following assignments of error: "1st, that the proceedings were discontinued, as appears by the record, and for the reasons stated in the bill of exceptions; 2d, that the recitals in the minute-entry are insufficient to give the court jurisdiction, or to sustain and warrant the order and

judgment of the court; 3d, that the judgment is not warranted by the proof recited in the judgment; and, 4th, that the record does not show that the court had jurisdiction."

E. W. PECK, for the appellants.

MOODY & BROWN, *contra.*

A. J. WALKER, C. J.—For more than a year after the certificate of the reversal of a former decree in this case was received by the probate judge, no step whatever was taken in the cause, but it appears to have remained without notice or attention, either by the court or the parties. Under the later decisions of this court, it is well settled, that such facts do not constitute a discontinuance. No mere neglect of the court to docket the cause and call it for trial, or mere omission of counsel to cause it to be docketed and called for trial, can, under our decisions, operate a discontinuance. But it would be otherwise, if the cause had, by the active agency of the party or her counsel, been taken from the docket.—*Ex parte Remson*, 31 Ala. 270; *Harrell v. State*, 26 Ala. 52; *Brown and Wife v. Clements*, 24 Ala. 354; *Drinkard v. State*, 20 Ala. 9; *Wiswall v. Glidden*, 4 Ala. 357.

[2.] The decree shows that the land, in which dower was granted, is the land described in the petition; and the land is described in the petition as situate in Tuskaloosa county. Therefore, the objection that the land is not shown to be in Tuskaloosa county, is not well taken in point of fact.

[3.] It is necessary that the petition for dower should state who are the heirs, and designate those who are infants or *femes covert.*—Code, § 1361; *Green v. Green*, 7 Porter, 19. But we do not think it is indispensable for it to appear from the decree that proof was made of the correctness of that statement. The object of the statement of the names of the heirs is to have the proper parties before the court. The fact that certain persons are heirs, does not constitute any element in the right of the dowress. It is sufficient if the decree recites the facts upon which the petitioner's right depends. This is substantially done in this case.

[4.] The widow's right of dower did not at all depend upon the fact, that her husband resided in this State, or in the county where the proceedings were had. We therefore cannot perceive that it was at all necessary that the decree should recite any thing upon the subject.

Affirmed.