# Tennessee C. I. & R. R. Co. *v.* Wise, *et al.*

## *Ejectment ant Mandamus.*

(Deícded April 15, 1909. 49 South. 253.)

1. *Ejectment; Pleading; Initial Process.*—In common law eject-ment the service of the declaration with the notice is the initial pro-cess in the cause and takes the place of a 'summons and complaint against the person in possession.

2. *Same; Notice; Subscription.*—The notice annexed to the declara-tion served in common law ejectment should be subscribed with the name of the casual ejector, to be regular; but though formerly, such proceedings were set aside for an irregular signature, later it is recognized as suffiicent if it is subscribed with the name of the plaintiff's lessor or of any other person.

3. *Same; Failure of Person in Possession to Come In; Judgment.*—Where the person really in possession fails to come in after service of the declaration and notice in common law ejectment, the first judg-ment that should be rendered is a judgment nisi against the casual ejector, unless the tenant in possession appears and pleads to an is-sue within a certain time mentioned in the rule, and after the time set the judgment is made final against the casual ejector, but not against the real person in possession.

4. *Judgment; Default; Setting Aside.*—The courts are very liberal in setting aside a regular default judgment in ejectment to let the tenant in to defend his possession, where there is merit in his de-fense.

5. *Same; Default Judgment; Process to Sustain.*—Although the pleadings in default ejectment are fictitious, if a plaintiff adopts that mode of action, it should be pursued in accordance with the law establishing the procedure; and where the notice is not signed by anyone a default judgment rendered and made final not only against the casual ejector but also against the persons in possession, is void, since the declaration and notice takes the place of the summons and complaint.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Ejectment by the Tennessee Coal, Iron & Railway Company against Mrs. Mary Wise, and others. Default judgment was rendered against the defendant, which on motion was set aside and a writ of ouster issued against the plaintiff. Plaintiffs move to set aside the order

[Tennessee C. I. & R. R. Co. v. Wise, et al.]

vacating the judgment and issuing the writ. These motions being overruled, plaintiff appeals and asks for a writ of mandamus requiring the judge to vacate the order and quash the writ of ouster. Affirmed and mandamus denied.

PERCY & BENNERS, for appellant. The remedy pursued in seeking mandamus here is authorized by *Ex parte Tower Mfg. Co.,* 103 Ala. 415. The notice need not have been signed.—Sec. 4143, Code 1896; *Ware v. Swann & Billups,* 97 Ala. 334; Angell on Limitations, secs. 311-12.

BUSH & BUSH, for appellee. Defective service cannot be cured by amendment or affidavit at a subsequent term. —*Harris v. Martin,* 39 Ala. 556; *Shepherd v. Powell,* 50 Ala. 377; *Stone v. Harris,* Minor 32. A complaint must be signed by either the complainant or clerk.—*Stone v. Harris, supra; Browder v. Gaston, et al.* 30 Ala. 677. Mining rights include incorporeal hereditaments lying in grant but not in seizin, and are, therefor, not the subject of ejectment.—*L. & N. R. R. Co. v. Matthews,* 136 Ala. 156.

SIMPSON, J.—This is an action of ejectment, the declaration being by John Doe against Richard Roe, and accompanied by a notice addressed to Mrs. Mary Wise, Joe Wise, and Cavvie Wise, in the usual form, but not signed by Richard Roe, or by any one else. The return of the sheriff shows that a copy of said declaration and notice was duly served on said Mrs. Mary Wise, Joe Wise, and Cavvie Wise. None of said parties appearing when the case was called, judgment by default was rendered against Richard Roe, Mrs. Mary Wise, Joe Wise, and Cavvie Wise. At a subsequent term of the court

the defendants appeared and moved the court to vacate and set aside said judgment, which motion was granted, and a writ of ouster issued. The plaintiff then made a motion to set aside and vacate said last-named order, which was overruled, whereupon the plaintiff appealed to this court, and has also filed in this court a petition for a writ of mandamus to be directed to the judge of the city court of Birmingham, requiring him to vacate and set aside the orders vacating and setting aside the judgment in favor of the petitioner, and to quash the writ of ouster which had been issued against petitioner.

Without adverting to the history of the common-law proceedings through which the action of ejectment was finally evolved, it is sufficient to say that in its final form it is a fictitious action, in which "A., the person claiming title, delivers to B., the person in possession, a declaration in ejectment, in which C. and D., two fictitious persons, are made respectively plaintiff and defendant, and in which C., states a fictitious demise of the lands in question from A., to himself for a term of years, and complains of an ouster from them by D., during its continuance. To this declaration is annexed a notice, supposed to be written and signed by D., informing B. of the proceedings, and advising him to apply to the court for permission to be made defendant in his place, as he, having no title, shall leave the suit undefended. Upon the receipt of this declaration, if B. do not apply within a limited time to be made defendant, he is supposed to have no title to the premises." Judgment is then entered against the casual ejector, D., and the possession of the lands will be given to A., the party claiming the title. —Tillinghast's Adams on Ejectment, p. 17 (*15, 16); Warville on Ejectment, 11. The service of the declaration, with the notice, is the initial process of the case, and serves the purpose of a summons and complaint

against the person in possession of the land.—Tillinghast's Adams on Ejectment, p. 206, and notes. "The notice should regularly be subscribed with the name of the casual ejector," and, although formerly proceedings were set aside 'for an irregular signature," yet it was later recognized as sufficient if it was "subscribed with the name of the lessor of the plaintiff, or of any other person."—Tillinghast's Adams, 233, and notes.

The authorities seem to indicate that the notice must be signed by some one, yet it is true that this is merely a fictitious form, and Richard Roe is really no one; but, if the informality of the notice not being signed could be overlooked, the office of the notice seems to be to give the real party in possession an opportunity to come in and defend his title, and, if he does not come in, it is difficult to see how a judgment could be rendered against him, he not having been made a party to the suit, either by the original process or by coming in. It is true that the final judgment against the casual ejector has substantially the same effect as if the officer is ordered to put the plaintiff in possession of the premises. However on failure of the person really in possession to come in, the first judgment seems to be a judgment nisi against the casual ejector, "unless the tenant in possession appear and plead to issue within a certain time mentioned in the rule."—Tillinghast's Adams, 248 and notes; *Jackson ex dem. Van Alen v. Vischer,* 2 Johns. Cas. (N. Y.) 106; *Jackson ex dem. Quackenboss v. Woodward,* 2 Johns. Cas. (N. Y.) 110; *Gardiner v. Lessee of Murry,* 4 Yeates (Pa.) 560; *Ware v. Swann & Billups,* 79 Ala. 330, 334. After the time set, the judgment is made final against the casual ejector, but not against the real person in possession.—Id.; Tyler on Ejectment and Adverse Enjoyment, pp. 439, 440. It is also said that, "where the defendant has merits, the courts are very liberal in

setting aside a regular default, upon just and equitable terms, to let in the tenant to defend his possession."— Tyler on Ejectment and Adverse Enjoyment, p. 441.

It is true that the pleadings are fictitious, yet, if the plaintiff adopts this mode of action, it should be pursued in accordance with the law which established those fictitious proceedings. All of the cases which we have found seem to hold that the notice should be at least signed by some one; and, if the service of the declaration and notice serve the purpose of a summons and complaint (as was held by our own court in the case of *Ware v. Swann & Billups, supra,*) there should be at least that degree of strictness which is required in actions commenced by summons and complaint, and this court has held that a summons not signed by the clerk will not support a judgment by default.—*Wilson v. Owens, Adm',* 45 Ala. 451. So, taking into consideration the absence of any name to the notice, and the fact that the judgment was made final, not only against the casual ejector, but against the appellees, we hold that the judgment was void, and properly set aside by the court.— *Buchanan v. Thompson,* 70 Ala. 401.

The judgment of the court is affirmed, and the writ of mandamus denied.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.