BERNAYS v. FREDERIC LEYLAND & CO., Limited.

(District Court, D. Massachusetts. May 27, 1915.)

No. 3.

DISMISSAL AND NONSUIT ⬤⟞60—WANT OF PROSECUTION—PLAINTIFF'S DUTY.

After an action against a steamship company for damages for its failure to receive and transport a shipment of grain in accordance with a contract made by it was at issue, and an auditor was appointed by consent of the parties, no action was taken therein for 15 years, except that it was continued from term to term by the clerk as a routine matter. In the meantime the leading counsel for each party had died. No reason was given for the failure to prosecute, except that the case was overlooked by counsel, and plaintiff's neglect to follow up his case was wholly unexplained. *Held* that, though there was no specific evidence that any of defendant's witnesses had died, or that its ability to maintain its defense had been impaired, this must necessarily be so, and the action would be dismissed, though, by reason of limitations having run, the dismissal would amount to a final judgment.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. ⬤⟞60.]

At Law. Action by Ely Bernays against Frederic Leyland & Co., Limited On motion to dismiss for want of prosecution. Motion granted.

Tyler, Corneau & Eames, of Boston, Mass., for plaintiff.

Frederic Cunningham, of Boston, Mass., for defendant.

MORTON, District Judge. This case was within the provisions of the docket-clearing order entered by this court on March 16, 1915. The plaintiff moves that it be excepted from the operation thereof and be retained on the docket. The defendant contends that it ought to be dismissed under said order, and has also filed a separate motion to dismiss for lack of prosecution and because no good cause has been shown to exempt it from the order referred to. The matter has been heard on statements by counsel and on affidavits filed by the parties. The following facts either are not in dispute or are established.

It is an action at law to recover damages for the alleged failure of the defendant, a common carrier by sea operating steamships between Boston and Liverpool, to receive and transport seasonably and promptly certain grain, in accordance with a contract alleged to have been entered into between it and the plaintiff on April 30, 1897. The case was originally brought in the Supreme Judicial Court of Massachusetts by a writ dated June 14, 1898. It was removed to the United States Circuit Court for this district in March, 1899, and has been pending ever since. The defendant's answer was filed in June, 1899. On February 12, 1900, an auditor was appointed by consent of parties. Since that date no action has been taken, except the present motion by the plaintiff to save it from dismissal, and that by the defendant to have it dismissed as above stated. There were no hearings before the auditor.

It thus appears that for over 15 years no action has been taken in this case, except that it has been continued from term to term by the

clerk as a routine matter. During that time the leading counsel for the defendant has died, and so has the leading counsel for the plaintiff. There is no specific evidence that any of the defendant's witnesses have died, or that its ability to maintain its defense has been impaired; but it is contended, correctly I think, that that must necessarily be so, and that the knowledge of such witnesses, as upon investigation prove to be still available for the defendant, upon the points in dispute, must have become less definite and complete because of the long delay. No reason is given for the failure to prosecute the case more diligently, except that it was overlooked by counsel. The plaintiff's own neglect in failing to follow up his case stands wholly unexplained.

The principles of law by which the question is to be determined appear to be fairly well settled.

"It has been frequently held that the mere institution of a suit does not of itself relieve a person from the charge of laches, and that if he fail in the diligent prosecution of the action, the consequences are the same as though no action had been begun." Fuller, C. J., citing authorities, in Johnston v. Standard Mining Co., 148 U. S. 360, 370, 13 Sup. Ct. 585, 37 L. Ed. 480.

See, too, Willard v. Wood, 164 U. S. 502, 525, 17 Sup. Ct. 176, 41 L. Ed. 531; Johnson v. West India Transfer Co., 156 U. S. 618, 648, 15 Sup. Ct. 520, 39 L. Ed. 556; Drees v. Waldron, 212 Fed. 93, 97, 128 C. C. A. 609.

These decisions were made on cases in equity and in bankruptcy; but I see no sufficient reason for making a distinction in this respect between such cases and actions at law. In two of those cited, the plaintiff's claim was founded on an alleged fraud, and in the case quoted from there had been a decision in his favor on the merits before the question of failure to prosecute was raised. It does not seem to me that a less stringent rule should be applied in this case than in those based on fraud. It devolves upon a plaintiff who brings an action to follow it up diligently, and if he fails to do so it is but right that his case should be dismissed. I do not think that a defendant, who has not induced, or caused, or contributed to the delay should be held responsible for it. When by reason of unnecessary and unreasonable delay on the part of the plaintiff in prosecuting a case, the defendant has been injuriously affected in a substantial degree, he is, it seems to me, entitled to have the case dismissed.

It is strongly urged that the dismissal of this action will work great hardship to the plaintiff, because, the statute of limitations having run, it amounts to final judgment against him; but in all the cases above referred to the dismissal was made against objection and was final action. Johnston v. Standard Mining Co. was, on the point of hardship, a much stronger case for the plaintiff than this one. The paramount consideration appears to be that the plaintiff shall not, by reason of his own neglect and unreasonable delay, gain an advantage over the defendant.

It follows that the motion to dismiss should be allowed. So ordered.