## ROSZELL v. STATE.   (7 Div. 893.)

(Court of Appeals of Alabama.   Nov. 13, 1923.)

**1. Bastards ⚖➙67—Failure of prosecutrix to request warrant from year to year held not a discontinuance.**

Where prosecutrix filed an affidavit of bastardy against defendant within the time required by statute, whereupon a warrant was issued but never served on defendant, who immediately left the community, mere failure of prosecutrix to request a warrant from year to year during defendant's absence would not operate as a discontinuance of the prosecution originally begun.

**2. Criminal law ⚖➙303—Neglect of justice to issue warrant for an arrest does not operate as a discontinuance.**

In view of Code 1907, § 4643, subsec. 2, making it the duty of every justice of peace to issue all process necessary to maintain his jurisdiction and enforce his authority, neglect of a justice of peace to issue warrants of arrest for defendant or mere failure of the sheriff to apprehend a defendant cannot operate as a discontinuance, unless such failure resulted from the active agency of the prosecutor.

**3. Criminal law ⚖➙303—Mere failure to enter continuance does not operate as a discontinuance.**

While at common law prosecutions may be discontinued by nonaction, in this state a mere failure to enter continuances, or to enter orders at the several terms, is treated as a clerical omission, and does not impair the validity of the proceeding, unless it appears that such failure was brought about by the party instituting the suit or prosecution.

**4. Bastards ⚖➙37—Defendant held entitled to general affirmative charge on plea of statute of limitations of one year.**

Where prosecutrix' could have proceeded on her original complaint for bastardy against defendant, but elected to prosecute the complaint upon which a warrant of arrest was issued for defendant after he had returned to the jurisdiction of the court, thereby beginning a new action, and defendant not having contributed to the support of the bastard child, or acknowledged its paternity, was entitled, under Code 1907, § 6370, to the general affirmative charge on his plea of the statute of limitations of one year.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Wesley A. Roszell was convicted of bastardy, and appeals. Reversed and remanded.

E. O. McCord & Son, of Gadsden, for appellant.

The statute of limitations of one year applies in this case. Code 1907, § 6370; Greene v. State, 139 Ala. 157, 36 South. 773; State v. Woodson, 99 Ala. 201, 13 South. 580;

Martin v. State, 79 Ala. 267; Giles v. State, 88 Ala. 230, 7 South. 271.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. [1] On March 19, 1918, Ella McDaniel made affidavit before J. B. Chesnut, Notary Public and ex officio justice of the peace for Cherokee county, that she was a single woman, was pregnant with a bastard child, and that the defendant was the father of said child. The evidence showed that a warrant of arrest was issued for the defendant, but was never executed, and that the warrant was lost. The justice of the peace issued an alias warrant on March 19, 1919, which was not executed. The evidence for the state tended to show that the defendant left the community immediately after the issuance of the first warrant, and that he was not seen there again until about November 25, 1921, at which time the prosecutrix made another affidavit before Justice Chesnut, averring, that she was a single woman, was delivered of a bastard child in Cherokee county, and that the defendant was the father of the child. The defendant was arrested, and brought into court upon an alias warrant predicated upon the affidavit dated November 25, 1921. Upon the trial the affidavit was amended, showing that Ella McDaniel had commenced a prosecution on the charge of bastardy within 12 months from the birth of the child, by complaint made before J. B. Chesnut, Notary Public and ex officio justice of the peace, on March 19, 1918, under which defendant was never apprehended.

The record shows that the defendant was brought into court upon the warrant of arrest issued December 27, 1921, and that the justice tried the defendant upon the complaint made November 25, 1921, as amended. There was up to this time nothing in the conduct of the prosecutrix which operated a discontinuance of the prosecution commenced March 19, 1918.

A discontinuance can be predicated only on some positive act of the actor in the proceeding, or in consequence of the failure or omission of the actor to perform some precedent duty enjoined by law. Ex parte Doak, 188 Ala. 407, 66 South. 64. In the instant case the prosecutix performed all the precedent duties placed on her by the statutes, by appearing before a justice of the peace on March 19, 1918, and filing her affidavit. The statute does not impose a duty on her to appear before the justice from year to year, and request an alias warrant in order to keep alive her action. Mere nonaction of the party in the premises will not work a discontinuance. To produce that result some contributory action of the prosecutrix was

⚖➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

necessary. Glenn's Adm'r v. Billingslea, 64 Ala. 354.

[2] No mere neglect of the justice of the peace to issue warrants of arrest for the defendant, or mere failure of the sheriff to apprehend the defendant, can operate a discontinuance. Wiswall v. Glidden, 4 Ala. 357; Drinkard v. State, 20 Ala. 9; Harrall v. State, 26 Ala. 52; Brown v. Clements, 24 Ala. 354; Ex parte Remson, 31 Ala. 270; Glenn v. Billingslea, 64 Ala. 345; Ex parte Humes, Adm'x, etc., 130 Ala. 203, 30 South. 732. But it would be otherwise, if the cause had, by the active agency of the prosecutrix or her counsel, been taken from the docket. Forrester v. Forrester, 39 Ala. 323; Ex parte Remson, 31 Ala. 270; Harrall v. State, 26 Ala. 52; Brown & Wife v. Clements, 24 Ala. 354; Drinkard v. State, 20 Ala. 9; Wiswall v. Glidden, 4 Ala. 357.

"It is the duty of every justice of the peace * * * to issue all process necessary to maintain his jurisdiction, and enforce his authority, under such rules and regulations as are, or may be, provided by law." Code 1907, § 4643, subsec. 2.

[3] At common law, and in several of the states, suits and prosecutions may be discontinued by nonaction. In this state the rule is different. A mere failure to enter continuances, or to enter orders at the several terms, is treated as a clerical omission, and does not impair the validity of the proceeding, unless it appears that such failure was brought about by the party instituting the suit or prosecution. Benson v. State, 91 Ala. 87, 8 South. 873; Ex parte Owens, 52 Ala. 473; Ex parte Remson, 31 Ala. 270; Forrester v. Forrester, 39 Ala. 320; Ex parte N. E. & S. W. R. R. Co., 37 Ala. 679; Malone v. Marriott, 64 Ala. 486; Ex parte Holton, 69 Ala. 164; 5 Ency. 674, 675; Ex parte State of Alabama, 115 Ala. 124, 22 South. 115. It is not shown that Ella McDaniel, who instituted the prosecution, did any act to cause the delay or the failure of the justice to issue warrants from term to term.

[4] A complaint by a single woman is the inception of the proceeding, after complaint warrant for the arrest of the accused is issued, and the justice of the peace institutes the inquiry, and, if he finds from the evidence probable cause for believing that the accused is the father of the bastard child, the accused is held to appear before the circuit court. The plaintiff could have proceeded upon the complaint made March 19, 1918, but did not do so. On the contrary, she elected to prosecute upon the complaint made November 25, 1921.

In the instant case the complaint made November 25, 1921, upon which the warrant of arrest was issued, which brought the defendant into court, was the commencement of a new prosecution against the defendant.

There was no evidence that the defendant had contributed to the support of the bastard child or that he had acknowledged its paternity. The complaint of March 19, 1918, was not introduced in evidence on the hearing before the justice of the peace, and did not come into the trial until the case reached the circuit court. The defendant made appropriate objection at every stage of the proceedings before the justice of the peace and in the circuit court. Having been put to trial in the justice court on the complaint made November 25, 1921, the defendant was entitled to the general affirmative charge on his plea of statute of limitations of one year. Section 6370, Code 1907.

For the refusal of the trial court to give the general affirmative charge for the defendant, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.