NANNIE McGUIRE, Administratrix of the Estate of F. W. McGUIRE, Deceased, v. MONTVALE LUMBER COMPANY.

(Filed 23 December, 1925.)

1. **Statutes—Actions—Wrongful Death—Damages—Statutes in Derogation of Common Law.**

The statute permitting a recovery by the personal representative for the estate of a decedent for his wrongful death, is in derogation of a common law and its provisions must be strictly construed in order to maintain the action.

2. **Process—Wrongful Death—Statutes.**

In order to recover damages for the negligent killing of plaintiff's intestate, this enabling statute provides that the action "may" be commenced in one year: *Held*, the word "may" is construed as "must."

3. **Actions—Discontinuance—Service—Alias Summons.**

Where an action is brought to recover damages for the negligent killing of plaintiff's intestate, and the summons has been returned unserved, it is now required that the plaintiff sue out an uninterrupted chain of alias summons, and a failure to do so will be fatal to the maintenance of his action, unless service is made within the statutory period of one year.

4. **Process—Summons—Clerks of Court—Term—Discontinuance.**

Under our procedure in order to expedite the trial of causes, the summons is made returnable before the clerk of the court, at a certain time, which time corresponds to a term of the court under the former act, and where a summons in an action for damages for a wrongful death has been returned unserved, the failure of the plaintiff to move before the clerk of the court for an alias summons on or before the return day thereof works a discontinuance of the action. C. S., 480.

APPEAL by plaintiff from JACKSON Superior Court. *Bryson, J.*.

Action to recover for the wrongful death of plaintiff's intestate. From a judgment of dismissal, plaintiff appeals. Affirmed.

The order dismissing this action is as follows:

"This cause coming on to be heard before his Honor, T. D. Bryson, judge, at the October Term, 1925, of the Superior Court of Jackson County, upon motion of the defendant for an order dismissing said action for that upon the face of the record it appeared the said action had abated by lapse of time prior to the date of the issuing of the summons herein.

"Upon an examination of the record in this case and after hearing and considering argument of counsel for both parties, the court finds the following facts:

"(1st) That the action was instituted for the purpose of recovering damages on account of the wrongful death of plaintiff's intestate.

"(2d) That plaintiff's intestate, F. W. McGuire, died ·on 14 July, 1924, as appears from the complaint, which was filed 5 October, 1925.

"(3rd) That a summons was issued in this action by the clerk of the Superior Court of Jackson County on 10 July, 1925, directed to the sheriff of Swain County, which summons was returnable on 28 July, 1925; that said summons was returned by the sheriff of Swain County not served, and was not returned by said sheriff until after the expiration of the return day mentioned in the summons.

"(4th) That on 18 September, 1925, the clerk of the Superior Court of Jackson County made an order that an alias summons issue in said action, which order was made fifty-one days after the return day of the original summons, and that no order for alias summons was made by said clerk prior to said 18 September, 1925.

"(5th) That on 18 September, 1925, the clerk of the Superior Court of Jackson County issued another summons in said action, marked alias, which summons was served upon the defendant on 24 September, 1925, the return date in said summons being 5 October, 1925.

"(6th) That the 12 months period in which an action may be instituted to recover damages for wrongful death expired on 14 July, 1925.

"(7th) That no regular or special term of the Superior Court of Jackson County has intervened between the date of the issuing of the summons of 10 July, 1925, and the issuing of the summons dated 18 September, 1925.

"Upon the foregoing findings of fact, it appearing to the court that a regular chain of summonses has not been issued, as required by statute, and that more than 12 months had elapsed from the date of the death of plaintiff's intestate, F. W. McGuire, at the date of the issuing of summons, bearing date 18 September, 1925, it is, therefore, ordered that the defendant's motion to dismiss be granted, and that the said action stand abated and dismissed."

*W. R. Sherrill, Alley & Alley and R. L. Phillips for plaintiff.*
*S. W. Black for defendant.*

VARSER, J. Plaintiff's intestate was killed in a blast explosion in a mine operated by the defendant 14 July, 1924. Plaintiff alleges that her intestate's death was caused by the negligence of the defendant.

The facts appearing in the order dismissing this action are not disputed. A discontinuance has resulted. The plaintiff did not obtain on the return date of the summons, 28 July, 1925, an order for an alias summons, and cause it to be executed.

In *Hatch v. R. R.,* 183 N. C., 617, the controversy mainly centered around the question as to whether the facts constituted any service at

all, and after holding that the facts constituted no service, *Adams, J.,* for the majority, says: "After the return day the writ lost its vitality and service thereafter made could not confer upon the court jurisdiction over the defendant so served," citing 19 Ency. P. & P., 600; 21 R. C. L., 1273; 32 Cyc., 456; *S. v. Kennedy,* 18 N. J. L., 22; *Hitchcock v. Haight,* 7 Ill., 603; *Draper v. Draper,* 59 Ill., 119; *Peck v. LaRoche,* 86 Ga., 314; *Cummings v. Hoffman,* 113 N. C., 268; *Peebles v. Braswell,* 107 N. C., 68; *Mfg. Co. v. Simmons,* 97 N. C., 89.

In the *Hatch case,* which occurred under the former practice when the summons was returnable to term, the Court further says: "That the original summons must be followed by process successively and properly issued in order to preserve a continuous single action referable to the date of its issue, is familiar learning. This successive process is an alias or pluries writ of summons. *Fulbright v. Tritt,* 19 N. C., 492; *Penniman v. Daniel,* 91 N. C., 434; *S. c.,* 93 N. C., 332; *Etheridge v. Woodley,* 83 N. C., 11; *Battle v. Baird,* 118 N. C., 861."

C. S., 480, requires that when the defendant is not served with summons "within the time in which it is returnable," the plaintiff may issue an alias or pluries summons, returnable in the same manner as original process. This statute permits the plaintiff so to do, and, inasmuch as our practice in the Superior Court, in this regard, is based upon the statute, "may" means "must" and is mandatory. The true office of an alias summons is to continue the action referable to its original date of institution, when the summons first issued has not been served. *Powell v. Dail,* 172 N. C., 261; *Rogerson v. Leggett,* 145 N. C., 7. Under the present statutory regulations, chapter 92, Public Laws, Extra Session, 1921; chapter 68, Public Laws 1923; chapter 16, Public Laws 1925, as reënacted and appearing in C. S., vol. III, secs. 476, 492-a, *et seq,* which came into force and effect after *Hatch v. R. R., supra,* the return of summons has changed from "the term" to a specific date, which was, in the instant case, 28 July, 1925. Under the former statutes, described in *Campbell v. Campbell,* 179 N. C., 413, the acts suspending the Code of Civil Procedure (chapter 76, Laws 1868-69, ratified 22 March, 1869), known as the "Bachelor Act," continued in effect (contrary to its original intent that it should be temporary and remain in force only until 1 January, 1871), until the "Crisp Act" (chapter 304, Laws 1919). The "Crisp Act," with other pertinent statutes, was combined and adjusted and amended and reënacted in chapter 92, Public Laws, Extra Session, 1921. The Legislature enacted these laws to prevent delay, and expense in legal proceedings. This has proved to be a successful effort to expedite court procedure and avoid its delays and consequent expense, which had, in many instances under the former system, amounted to a denial of justice. Consequently, when the summons was

made returnable before the clerk on a specific date, and the plaintiff required to file his complaint on or before the return date, unless it had been filed, or filed and served, prior thereto, all of the powers and duties heretofore exercised by the judges in term-time in reference to alias or pluries summons, were vested in the clerk. The clerk is required to exercise this jurisdiction and to make appropriate orders at the instance of the plaintiff, or interested defendant, on or before the return date, and the return date for this purpose is, in all essential qualities, a term of court. Therefore, when the plaintiff failed to take any steps, whatever, to sue out an alias summons on the return date, to wit, 28 July, 1925, the sheriff of Swain County, having not returned the process prior to that time showing whether service had been made or not, a discontinuance resulted as is contemplated in C. S., 480, 481. *Rogerson v. Leggett, supra; Hatch v. R. R., supra.*

We have recently said that it was the duty of parties to give a law suit that attention which a prudent man gives to important business. *Sluder v. Rollins,* 76 N. C., 271; *Roberts v. Allman,* 106 N. C., 391; *Pepper v. Clegg,* 132 N. C., 312; *Lumber Co. v. Chair Co., ante,* 437. This statement was made in reference to the duty of a defendant to attend to the case in which he had been served with process. This rule applies with equal force to the plaintiff who applies to the court, which is a public agency, an integral part of one of the coördinate branches of the government exercising sovereign powers, to give it the exact attention which has been required by the sovereign itself when it permits the exercise of this function. A law suit is a serious matter. A plaintiff who has a personal cause of action and resides in Cherokee County may summon the defendant from Dare County, when the simple requirements of the statute are complied with. It must needs be that an orderly system of procedure is necessary to protect the rights of all parties and a strict compliance with the rules in regard thereto, which have, in the instant case, been prescribed by the Legislature, is necessary in order to preserve the rights which the plaintiff had when the action was originally instituted. The new summons issued after the expiration of the one year from the death of plaintiff's intestate, and after a discontinuance had resulted, is insufficient to comply with (C. S., 160) the North Carolina Lord Campbell's Act, originally 9 and 10 Victoria, chapter 93 (1846). This statute requires the action to be brought within one year after the death of plaintiff's intestate. It is not a statute of limitations, which must be pleaded by the defendant (C. S., 405), but it is a condition annexed to plaintiff's cause of action, and at the trial the plaintiff is required to prove that the action was instituted within the time prescribed by law. *Hatch v. R. R., supra; Taylor v. Iron Co.,* 94 N. C., 526; *Best v. Kinston,* 106 N. C., 206; *Gulledge v. R. R.,* 147 N. C., 234;

*S. c.,* 148 N. C., 568; *Hall v. R. R.,* 149 N. C., 109; *Trull v. R. R.,* 151 N. C., 546; *Bennett v. R. R.,* 159 N. C., 346; *Hinnant v. Power Co.,* 189 N. C., 122.

This is an enabling act, and, inasmuch as the right of action for wrongful death did not exist prior to 1846, that is, at common law, its requirements are exclusive and permissive. *Hinnant v. Power Co., supra,* where *Mr. Justice Adams* states the history of this well-settled proposition.

We, therefore, conclude that the judgment appealed from must be Affirmed.