168 So. 596

**Ex parte LUTHER.**

**1 Div. 910.**

Supreme Court of Alabama.

May 21, 1936.

Rehearing Denied June 11, 1936.

D. P. Moore, of Mobile, for petitioner.

Geo. S. Taylor and G. B. Dunning, both of Mobile, for appellee.

KNIGHT, Justice.

The petitioner, C. L. Luther, has filed in this court his petition praying for the issuance of a writ of certiorari to bring before this court for review the proceedings of the circuit court of Mobile county, in a certain cause, lately pending in that court, wherein Eli Johnson was plaintiff, and petitioner was named as defendant. The purpose of the petitioner is to have judgment here quashing and annulling a judgment rendered against him by the circuit court in said cause, and the vacation of the sale of his property under an order of sale issued upon the said judgment.

The petitioner avers in his petition that he was at the time of the institution of the suit, and has been continuously since that time, a nonresident of the state of Alabama, residing at St. Petersburg, in the state of Florida.

The petitioner also avers that "he was not served with any summons and complaint or other process or notice of any kind of said proceedings."

Notwithstanding these facts, petitioner alleges that a personal judgment was rendered against him in said cause on May 23, 1934.

From the record duly certified to us by the clerk of the circuit court of Mobile county, in response to the direction and order of this court, it appears that the suit of the said Johnson against the petitioner was commenced by attachment; that the plaintiff made the affidavit required by section 6175, of the Code, as to the nonresidence of the defendant, and as to the amount of the debt due from defendant to plaintiff, and that it was justly due. The affidavit did not, however, state or give the place of residence and post office address of the defendant, nor did it include any statement as to the age of the defendant.

The record shows, however, that at the time of suing out the attachment, the plaintiff filed in the cause his complaint, in which there appear, after the signature of counsel, and in the left-hand corner of the paper, just above the words and figures "Filed 2/7/34," are the words "Defendant's address is: Penny Farms, Florida."

The record also shows that the clerk duly issued a writ of attachment to the sheriff of Mobile county on February 7, 1934; that the sheriff executed the writ on the day of its issuance; by levying the same upon certain described real estate in Mobile county, Ala. Upon this writ the sheriff made his return to the clerk of the court, in all respects as required by section 6179, of the Code.

It does not appear from the record that the clerk of the court, upon the return of the writ, and the levy indorsed thereon, made any effort to comply with the provisions of 6179 of the Code (directing publication of notice to nonresident defendant).

We must, therefore, assume that no such notice was published as · provided for in section 6179 of the Code, and if the judgment in rem can be sustained, it can only be upheld by reason of other record evidence that the defendant was duly notified of the proceedings, and of the attachment and levy in some other mode provided for by law.

As above noted, the plaintiff, in filing his complaint, along with the affidavit for attachment, stated in the complaint the place of residence of the defendant, and gave it as at Penny Farms, Fla.

It also appears from the record that the clerk on April 5, 1934, sent to the defendant at Penny Farms, Fla., by registered mail, postage prepaid, with return card requested, and marked "for delivery only to the person to whom addressed," a copy of the complaint, with summons, and a copy of the attachment, levy, and sheriff's return.

The record also discloses that the defendant received these registered documents from the clerk, on April 10, 1934. It does not appear, however, that the clerk,

in filing the return receipt of the defendant, entered the date the return receipt was received by him.

Sections 9446 and 9447, Code, provide an alternate mode of service of process and of service of notice upon a defendant, who is a nonresident of the state, and upon a defendant whose residence is unknown, and upon a defendant resident in the state, who has been absent from the state more than six months, and upon a resident defendant who conceals himself so that process cannot be served upon him.

The mode of service of process provided in sections 9446 and 9447 is an additional mode of service to that provided for in sections 9430 and 9431; and both modes are additional to that provided for in section 6179.

By section 9434 of the Code it is expressly provided that the mode of service of process provided in sections 9430 and 9431 is an additional mode of service, and not exclusive of any other mode now provided by law.

It is also provided by section 9445 (a later section) as follows: "9445. Alternate or dual modes of service of process and of notice to nonresidents and infants; effect of.—There shall be no objection to service of process or notice to litigants, that two or more modes of service or notice are provided for by law; but service of notice perfected in any manner or mode which is provided for by law shall be deemed sufficient, notwithstanding other modes or manner of service and notice are provided by law."

We are of the opinion and hold that the mode of service adopted or followed by the clerk in the case complied substantially with one of the modes provided by law for giving notice to the nonresident defendant in this case of the proceedings instituted against him, and of the issuance and levy of the attachment upon his property by the sheriff of Mobile county. Code, §§ 9430, 9431.

That the defendant actually received notice by registered mail of the filing of the suit and of the issuance of the attachment, and of the levy of the writ by the sheriff, the record fully discloses.

While the certificate copied in the record as to the mailing of copies of the summons and complaint, and of the attachment and levy, is not signed by the clerk, yet what does appear, in connection with the return card showing delivery of the said documents, read in connection with the clerk's final certificate, shows that the certificate was in fact the certificate of the clerk. There is no escape from this conclusion.

It is true that the record does not disclose that the return receipt was actually marked filed by the clerk, yet it does show that the defendant actually received the registered notice of the proceedings on April 10, 1934, more than 30 days prior to the rendition of the judgment. And the record also shows that the return card was actually received by the clerk, and made a part of the record in the cause. We are of the opinion that this was sufficient, in view of the fact that we are only called upon now to pass upon the external validity of the judgment.

The petitioner's counsel relies to some extent in this case upon the decision of this court in the case of Visible Measure Gasoline Dispenser Co. v. McCarty Drug Co., 206 Ala. 588, 91 So. 383, to support his contention that the judgment in rem entered against him should be quashed and annulled. However, in our opinion, the case now before us is distinguishable from the above-cited case, in that the plaintiff in that case did not state in his complaint the place of residence of the defendant, so as to comply with the provisions of sections 9430 and 9431, Code, nor did he make any pretense of complying with the provisions of sections 9446 and 9447 of the Code. Without a compliance by the plaintiff with either of said sections 9431 or 9446, of the Code, the clerk was without any sort of authority to send the notice to the defendant by registered mail, and what he did in that regard was gratuitous and inefficacious.

We are of the opinion that the judgment condemning the defendant's said property to the satisfaction of plaintiff's ascertained debt against the defendant is not shown by the record to be void. This being true, the judgment in rem will not be set aside and annulled.

But the judgment rendered was not only a judgment in rem, but also a personal judgment against the defendant for the payment of money. Inasmuch as the record shows that no personal notice was given the defendant of said suit, the personal judgment was unauthorized and void. Long v. Clark, 201 Ala. 454, 78 So. 832; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

■ It appears that the petitioner's property was sold under the condemnation order of the court, and the proceeds were used to pay and discharge the personal judgment. This personal judgment may be treated as the judicial ascertainment of the amount of plaintiff's demand against the defendant, and this demand having been paid in full and the purported personal judgment discharged and satisfied, no injury is shown by reason of the improper rendition of this personal judgment.

It follows, therefore, that the judgment brought before this court by the writ of certiorari issued out of this court on petition of the said C. L. Luther should not be quashed, nor the sale had thereunder, vacated. It is accordingly so ordered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.