199 So. 876

**Ex parte WHITEHEAD.**

**In re WHISLER et al.**

**6 Div. 698.**

Court of Appeals of Alabama.

Nov. 19, 1940.

Rehearing Denied Dec. 17, 1940.

Pritchett & Giles, of Birmingham, for petitioner.

Jim Gibson, of Birmingham, for respondent.

SIMPSON, Judge.

Application to this court for mandamus directed to the Presiding Judge of the Tenth Judicial Circuit to require the dismissal of a cause (Whisler v. Whitehead) now on the docket of the Circuit Court of Jefferson County. The petitioner's right to the writ is dependent upon determination of the question of whether there has been a discontinuance of said cause. If there has been, the writ must be awarded, directing the dismissal of same. Ex Parte Holton, 69 Ala. 164; First National Bank v. Cheney, 120 Ala. 117, 23 So. 733; De Moville v. Merchants & Farmers Bank, 237 Ala. 347, 186 So. 704.

(The Reporter will set out, briefly, in chronological order, the progress of the cause in said court, with the dates of the proceedings, as shown by the transcript.)

The learned Presiding Judge of said Circuit quotes the following as authority for his refusal to grant the defendant's motion to dismiss the case:

"'The Courts of Alabama at an early date relaxed the Rule of the Common Law so as to hold that a discontinuance can only be predicated of some positive act of the actor in the drama or in consequence of the actor's failure to perform some precedent duty enjoined upon him by law.'

"Sales Method Co. v. City Meat Market, 222 Ala. 12, 130 So. 536; Roszell v. State, 19 Ala.App. 462, 98 So. 35; Ex parte Doak, 188 Ala. 406, 66 So. 64; Ex parte Holton, 69 Ala. 164; Ex parte Humes, 130 Ala. 201, 30 So. 732; City of Mobile v. Board of Revenue, 219 Ala. 60, 121 So. 49."

■ Although decision of the question has not been without difficulty, it is our opinion that the plaintiff, (Whisler), by his own act, produced a discontinuance of his case. True, he may not have failed "to perform some precedent duty" required of him by law, but, clearly, he, by his own positive act, caused the removal of the case from the docket of the Circuit Court by taking an abortive default judgment against the defendant (Whitehead) on a summons and complaint which had never been served on said defendant, after which the cause was allowed to repose quiescently for more than nine years. It is difficult to conceive a stronger case of discontinuance. Suit was filed and summons and complaint issued, January 9, 1929. There was no proper execution of the summons on the defendant as required by the statute. Code 1923, Sec. 9419. Despite this, however, the plaintiff moved for a judgment by default against the defendant, which was accordingly entered on April 3, 1929. Aside from the issuance and return ("No Property Found") of two writs of fieri facias in 1929, the case, having been thus removed from the docket of the court, lay dormant until December 15, 1938, when a writ of garnishment on said judgment was issued. Thereafter, on January 4, 1939, upon motion of defendant, the court very properly and promptly entered an order vacating the said judgment. 33 C.J., p. 1074, Sec. 35(2); idem, p. 1082, Sec. 44(b); Freeman on Judgments, Vol. 1, Sec. 196, p. 385; Sec. 198, p. 387; Sec. 219(a), p. 431; Buchanan v. Thomason, 70 Ala. 401, 402; Tennessee C. I. & R. Co. v. Wise, 159 Ala. 632, 636, 49 So. 253; Cook v. Phonoharp Co., 157 Ala. 501, 502, 47 So. 1035; Louisville & N. R. Co. v. Tally, 203 Ala. 370, 372, 83 So. 114; Ex parte Luther, 232 Ala. 518, 520, 168 So. 596.

According to the defendant, he first became aware of the suit and the claim when he received notice of the garnishment in December of 1938; that during said period he was a resident of the county, was easily available for service of process and his whereabouts known to the plaintiff; that in the interim he had sought to be acquitted of all debts by proceedings of bankruptcy, but, being ignorant of this claim or suit, did not schedule it; that although he had a valid defense thereto, the witnesses were unascertainable and if procurable, their recollection of the matter necessarily would have become dim through the years, etc.

It thus appears that, by his own positive and voluntary act in taking the ineffectual and invalid judgment in 1929, the plaintiff removed his case from the docket of the court, and thereby caused a chasm in the proceedings or a discontinuance for many years. Such lack of diligence on the part of the plaintiff in the transaction of a law suit, always a serious matter, should not be countenanced and the trial court, in our view, erred in permitting the plaintiff, against the timely motion of the defendant, to proceed further with the suit.

It was held in Ex parte Holton, supra, 69 Ala. page 167, that if the cause is kept off the docket by the act of the plaintiff this will amount to a discontinuance; and in Forrester v. Forrester, 39 Ala. 320, 323, that a discontinuance would occur if the cause had, by the active agency of the petitioner or her counsel, been taken from the docket. Pertinent also is the following in Drinkard v. State, 20 Ala. 9: "But where the solicitor, by leave of the court, actually interferes with its pendency on the docket, and its progress, and takes it off the docket, withdraws it, and files it, and keeps it off the docket for more than a term, such active and unlawful interference amounts in law to a discontinuance or abandonment of the prosecution."

The rule was also similarly announced by our court in Roszell v. State, 19 Ala. App. 462, 98 So. 35.

■ So it appears here that the plaintiff by his own act, in taking the obviously improper judgment, interfered with the pendency of the case, caused its removal from the docket and during the many succeeding years the cause lay dormant. We do not think that he should now be allowed to "wake up" his case from its aged sleep and thereby subvert the salutary policy of the law, which by statute and judicial pronouncement has denounced and denied the prosecution or enforcement of stale demands. To hold otherwise would be to permit the plaintiff to profit by his own neglect and delay indefinitely the proper prosecution of his suit and thus postpone forever, if he so chose, the running of the statute of limitations. It devolves upon one who brings an action to prosecute it with diligence and failing to do so, he, not his adversary, should be the sufferer. McGuire v. Montvale Lumber Co., 190 N.C. 806, 131 S.E. 274; Bernays v. Frederic Leyland & Co., D.C. Mass., 228 F. 913. The incalculable disadvantage to which the defendant

would be subjected is manifest, for certainly the knowledge of those witnesses, who might still be available, as to the issues in dispute, must have become less definite by the long delay, which the defendant in no way induced and to which he in no way contributed.

The courts of other states have likewise written in strong denunciation of similar or analogous situations as that presented here. Interesting and informative discussion of the subject may be found in the following authorities: Parsons v. Hill, 15 App.D.C. 532; Bowen v. Wilson, 56 App.D.C. 375, 15 F.2d 733; Bernays v. Frederic Leyland & Co., D.C., 228 F. 913; Johnston v. Standard Mining Co., 148 U.S. 360, 13 S.Ct. 585, 37 L.Ed. 480; McGuire v. Montvale Lumber Co., 190 N.C. 806, 131 S.E. 274; Daly v. City of Chicago, 295 Ill. 276, 129 N.E. 139; Dunaway v. Lord, 114 W.Va. 671, 173 S.E. 568.

On reason and authority both, therefore, do we hold that there has been a discontinuance of the case. It is therefore the order of this court that the writ of mandamus issue to the Presiding Judge of the Tenth Judicial Circuit directing the dismissal of the said cause.

Writ granted.