## BOWEN v. WILSON.

(Court of Appeals of District of Columbia. Submitted October 7, 1926. Decided November 1, 1926.)

No. 4408.

Action ⊙⇒70.

Failure to serve summons for nearly four years after issuance, although defendant for portion of time openly maintained residence within District to plaintiff's knowledge, *held* to justify conclusion that cause was discontinued and abated.

Appeal from Supreme Court of District of Columbia.

Action by Mary F. Bowen against Walter R. Wilson. Judgment for defendant on a plea in abatement, and plaintiff appeals. Affirmed.

W. E. Leahy and Harlan Wood, both of Washington, D. C., for appellant.

C. T. Clayton, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This action was brought below by the appellant, as plaintiff, to recover damages for personal injuries resulting from the alleged negligence of the defendant. The present appeal is from a judgment upon a directed verdict, dismissing the case because of plaintiff's alleged delay in procuring the service of summons upon the defendant.

The declaration was filed and summons issued on August 26, 1915; the writ was returned, "Defendant not found." An alias summons was issued on January 31, 1916, with the same result. On March 1, 1916, February 5, 1921, and March 8, 1921, similar writs were issued, with like returns. On March 10, 1924, a pluries summons was issued, upon which service was made and returned in due form.

A plea in abatement was then filed by the defendant, who appeared specially for that purpose, upon a claim that the cause had been discontinued prior to the date of the last summons, by reason of plaintiff's negligence in respect to procuring service upon defendant. The plaintiff took issue with the plea, a jury was called, and at the close of the testimony the court directed a verdict in favor of defendant upon his plea, and entered judgment accordingly. This appeal challenges that ruling.

The evidence discloses without contradiction that from August 26, 1915, when the declaration was filed, up to the month of May, 1920, the defendant continuously resided in Maryland, at a place not far beyond the District line; that this fact was made known to the public, among other means, by advertisements in the Washington newspapers in relation to defendant's business; that in May, 1920, defendant established a residence in the city of Washington, and resided there continuously from that time until the date of the last summons; that defendant maintained an office at his residence for handling real estate, and advertised that fact in the Washington Star; that his name and address appeared in the city directory in the fall of 1920, and in each succeeding issue, and appeared also in Boyd's City Directory for the years 1921, 1922, 1923, and 1924.

It also appeared that the plaintiff learned in July, 1921, that defendant had become a resident of the District, and that in the year 1922 she called him up by telephone and had a conversation with him. It appears that the plaintiff during all this period suffered severe pain and illness because of her

injuries, and was repeatedly in the hospital for medical treatment; but during the same period she had a competent lawyer in her employ in respect to this matter.

It thus appears that from May, 1920, continuously until March, 1924, the defendant openly maintained a residence and business office within the District, and that this fact was certainly known to plaintiff as early as the year 1921, and probably in the preceding year also. Nevertheless no service was made upon defendant until March, 1924, and this fact justifies the conclusion that under the circumstances the plaintiff's cause was discontinued and abated. It is true that pluries writs were issued in February and March, 1921, and were returned not served; the defendant not being found. The plaintiff is not without blame for the miscarriage of these writs, and moreover she allowed three years to elapse after their return before another writ was issued. We think that the ruling of the court upon the undisputed facts was correct.

"There is the danger * * * that, if suits were permitted for a long time to lie dormant by the failure to have notice given to defendant when such notice could well be given, these latter might be greatly and wrongfully prejudiced by being brought into court long after the subject-matter of controversy had passed out of their minds, when perhaps witnesses are dead and testimony lost, and yet the statute of limitations might not be available as a defense. * * * Suits at common law, which have been duly commenced by the filing of a declaration and the issue of process thereafter, cannot thereafter be permitted to remain indefinitely within the control of the plaintiff alone. The suit should be effectively prosecuted in good faith or dismissed. * * * It follows that, when the defendant can be found and the writ can actually be served upon him, it then becomes necessary to follow up the proceeding by the issue of a writ to be actually served; and if the plaintiff fails to have a writ issued in due time for such actual service, he incurs the risk of having his suit discontinued. It is open to a defendant, when service of process has been improperly and unduly delayed, to show, upon a motion to vacate the writ, when it has actually been issued, that there has been discontinuance in consequence of failure to have it issued in due time." Justice Morris in Parsons v. Hill, 15 App. D. C. 532.

The judgment of the lower court is accordingly affirmed, with costs.