WOODLIFF v. BAKER.

1. PROCESS—REGISTERED MAIL—COURT RULES—STATUTES.
    Court rule permitting service of process by registered mail must be construed in connection with statute which does not permit personal service of original process on a resident outside the borders of the State (Court Rule No. 16 [1933]; 3 Comp. Laws 1929, § 14090).

2. SAME—SERVICE BY REGISTERED MAIL OUTSIDE OF STATE INVALID.
    Service of chancery summons by sheriff in proper county to correct defendant by registered mail *held*, quashable notwithstanding defendant received the summons and return receipt bears his signature, where registered mail was addressed to and received by him outside the State (Court Rule No. 16 [1933]; 3 Comp. Laws 1929, § 14090).

3. SAME—REGISTERED MAIL—COURT RULES.
    Court rule authorizing service of summons by registered mail does not authorize service outside the State but merely furnishes a different method of making actual personal service within the State (Court Rule No. 16 [1933]).

4. APPEARANCE—SPECIAL APPEARANCE—MOTION TO QUASH SERVICE OF PROCESS.
    Motion to quash service of process and dismiss bill of complaint, filed by specially appearing defendant, and based on lack of jurisdiction of the court over person and subject matter, *held*, proper and not to constitute a general appearance (Court Rule No. 18, § 1, subds. [a], [b] [1933]).

Appeal from Wayne; Miller (Guy A.), J. Submitted February 10, 1937. (Calendar No. 39,236.) Decided April 16, 1937.

Bill by Richard S. Woodliff against Earl B. Baker for the appointment of a receiver, an accounting and other relief. From order quashing service of process, plaintiff appeals. Affirmed.

*Richard S. Woodliff* (*M. M. Larmonth,* of counsel), for plaintiff.

*Arthur F. Neef,* for defendant.

BUTZEL, J. The sole question of merit in the instant case is whether, under Court Rule No. 16 (1933), a chancery summons may be served by registered mail upon a resident defendant while the latter is outside the State. The record shows that the summons was mailed by the sheriff in the proper county to the correct defendant by registered mail; that defendant received the summons by registered mail, and that the return receipt bears his genuine signature. The defendant appeared specially and moved to quash the service and dismiss the bill of complaint because "process was attempted to be served by registered mail addressed to the defendant at box 231, Baxley, Georgia," and because the court did not have jurisdiction over the subject matter. The court granted an order quashing the service and this appeal was taken.

Court Rule No. 16 (1933), provides as follows:

"Service of summons in any case, with or without a copy of the declaration or bill of complaint, or of a copy of the declaration and notice to plead in actions commenced by declaration, may be made by the sheriff in the proper county by registered mail, deliverable to the addressee only, upon residents of the State. The official return receipt of the United States post office department purporting to be signed by the defendant, together with an affidavit of one having personal knowledge of the handwriting of the defendant, that such signature is the defendant's signature, together with the certificate of the sheriff or deputy based on personal knowledge that the package for which said receipt was given contained

a true copy of the original summons or other papers sought to be so served, shall constitute *prima facie* evidence of personal service.''

The rule must be read in light of the statute (3 Comp. Laws 1929, § 14090) which does not permit personal service of original process on a resident outside the borders of the State. Court Rule No. 16 (1933), does not authorize service outside the State, but merely furnishes a different method of making actual personal service within the State.

The motion to dismiss and to quash service filed by defendant, who appeared only specially for such purpose, was proper and did not constitute a general appearance. See Court Rule No. 18, § 1, subds. a, b (1933).

The judgment is affirmed, with costs to defendant.

FEAD, C. J., and NORTH, WIEST, BUSHNELL. SHARPE, POTTER, and CHANDLER, JJ., concurred.