**WARREN v. INDIAN REFINING CO. et al.**
**No. 712.**

District Court, N. D. Indiana,

Hammond Division.
Nov. 17, 1939.

Randolph & Randolph, of Lafayette, Ind., and Bomberger, Peters & Morthland, of Hammond, Ind., for plaintiff.

A. K. Sills, of Lafayette, Ind., and Crumpacker & Friedrich, of Hammond, Ind., for defendants.

SLICK, District Judge.

The question for decision is the motion of defendant Indian Refining Company to strike out plaintiff's counterclaim. The suit brought by plaintiff is to recover on a bond given by the Indian Refining Company with the United States Fidelity & Guaranty Company as surety in an injunction suit in the state court. Defendant answered in several paragraphs, one of which is denominated a counterclaim, in which defendant claims damages against the plaintiff on a contract or commission agency agreement which defendant claims was breached by plaintiff. Plaintiff then filed a counterclaim admitting the execution of the commission agency agreement, but charging that the defendant Indian Refining Company after the execution of the agreement, entered into certain schemes, devices, combinations and conspiracies to restrict and restrain trade and commerce in violation of the anti-trust law of the state of Indiana, and all to the damage of plaintiff, who was endeavoring to operate under the terms of said commission agency contract.

Defendant claims a departure; that plaintiff is seeking to change the form of the action from one for breach of the conditions of a bond given in the injunction suit, to one for damages growing out of alleged acts restrictive of competition and in restraint of trade in violation of the Indiana statutes.

Plaintiff contends that this is not changing his form of action, but that his suit now includes the action for damages under the state anti-trust law; that it is an action for both damages for breach of conditions of the bond and damages for

actions in restraint of trade, brought into the case by the defendant pleading as a counterclaim the commission agency contract.

The question arises under the new rules of procedure and, so far as we have been able to learn, is new. The new rules are a distinct departure from the procedure to which we have been accustomed. The new rules have changed the procedure in regard to pleading a counterclaim—whether for better or worse remains to be determined by actual experience, but we now have the provision in Rule 13 (b) entitled "Permissive Counterclaims", 28 U.S.C.A. following section 723c, which provides that, "A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

■ If the language used in this rule means what it says, a counterclaim wholly unrelated to the subject matter of a suit may be set up. The question arises, who may counterclaim? Defendant says, only the defendant. Plaintiff says, either plaintiff or defendant. That is, it is plaintiff's contention that a plaintiff may file a counterclaim to a counterclaim. This seems to be exactly what Rule 13(b) permits. It is worthy of note and would seem to be quite significant that Rule 13 does not use the term "plaintiff" or "defendant", or "complaint" or "answer", but speaks of "pleading", "a pleader" and "any opposing party."

In Irvin Kuenzel v. Universal Carloading & Distributing Co., Inc., D.C., 29 F. Supp. 407, decided August 30, 1939, the complaint sounded in tort, and recovery was sought for alleged libel. Defendant counterclaimed for goods sold and delivered. This was permitted. Now suppose in the counterclaim, defendant had alleged the sale of a piece of machinery, and plaintiff had answered this with a counterclaim alleging that in the sale of the machinery defendant had violated a contract to manufacture the machinery according to specifications; that by reason thereof certain parts were weakened, and as a result the machinery when put in operation flew apart and injured plaintiff for which plaintiff

demanded damages. Is there any good reason under Rule 13 why plaintiff should not be permitted to set this up in a counterclaim to defendant's counterclaim?

■ The reason given by the very learned members of the committee that drafted the rules for allowing such wide latitude on the subject of counterclaims is expressed by Dean (now Judge) Clark at the Institute held in Washington on Federal Rules of Procedure, as follows, "that all points of difference between the parties or spots of irritation between the parties should be brought out in the open and should be fought over and disposed of at one time," is quite persuasive. See, also, Proceedings of American Bar Institute in Cleveland, page 247, and Moore's Federal Practice, vol. 1, page 645.

It would seem that the permissive counterclaim paragraph of Rule 13 would apply as well to a counterclaim filed by plaintiff under the supposititious case as to the allowance of the wholly unrelated counterclaim permitted by the defendant. If it is intended to permit all the controversies and points of difference between the parties to be brought out and disposed of in one trial, there is no good reason why the counterclaim of the plaintiff for damages for the defective machinery should not be permitted under (b) although not compelled under (a) of Rule 13.

This theory is further strengthened by Rule 18 (a), which provides that, (a) "Plaintiff in his complaint or in a reply setting forth a counterclaim * * * may join * * * as many claims * * * as he may have against an opposing party."

■ The Conformity Act of 1872, 28 U.S.C.A. § 724, has been superseded by the Act of June 19, 1934, 28 U.S.C.A. §§ 723b, 723c. Irvin Kuenzel v. Universal Carloading & Distributing Co., Inc., supra.

■ Strange as this new doctrine of pleading seems to, be, I am of the opinion that the new rules contemplate that the plaintiff may file a counterclaim to a counterclaim, and for that reason the motion to strike plaintiff's counterclaim is overruled and defendant is granted an exception.