## In re BROWN.

No. 21462–C.

District Court, S. D. California, Central Division.

Nov. 25, 1939.

George A. Judson, of Willcox & Judson, of Los Angeles, Cal., for petitioning trustee.

Harold A. Fendler (of Carpenter, Babson & Fendler), of Los Angeles, Cal., for respondent Zoe Lowe Brown.

COSGRAVE, District Judge.

The order of the referee, which the petitioning trustee seeks to review, was filed on July 26, 1938. It directed the transfer upon the books of a corporation and delivery to respondent of certain corporate stock evidenced by certificates. Notice of the referee's order was not given to the attorney for petitioner. A copy of the order, however, was sent by mail to the trustee on August 2, receipt of which he acknowledged on that day. On August 12, the trustee complied with the order by making the directed transfer and delivery of the stock to respondent. On September 23, the trustee's petition for review was filed.

Respondent asserts lack of jurisdiction on the part of the District Court to hear the petition for review on the ground that the same was not filed in time. Having in mind that neither the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., nor General Orders, 11 U.S.C.A. following section 53, as they existed up to September 22, 1938, specified the time within which a petition for review of a referee's order should be filed, the matter was left to local rules and Rule 84 of the local District Court rules was in effect, which provided that:

"A petition for a review of an order made by referee as provided in General Order No. 27 of the General Orders in

Bankruptcy must be filed with the referee within ten days from the date of notice of such order."

At the same time, the local District Court rules provided in Rule 13:

"Whenever a party has appeared by attorney, he cannot thereafter appear or act in his own behalf in the same cause or take any step therein unless an order of substitution shall first have been made. * * *"

The present Bankruptcy Act went into effect on September 22, 1938. The District Court for the Southern District adopted new rules to conform to the recently adopted Rules of Civil Procedure for the District Courts, 28 U.S.C.A. following section 723c, but these local rules did not go into effect until September 17, 1938, and up to that time Local Rule 13 of the District Court was in effect.

The petition for review was not filed within ten days after notice was given to the trustee, for, being filed on September 23, it was something more than thirty days thereafter. Was the actual notice of the order, which the trustee received and complied with, at least as early as August 12, no notice having been given to his attorney, the equivalent of the requirement of Rule 84 of the District Court so as to start the running of the time limited for filing the petition for review?

Rule 13 of the District Court, above cited, contains a positive requirement that a party appearing by attorney cannot thereafter appear and act in his own behalf. We have, however, local bankruptcy rules, which are part of the rules of procedure for the District Court of the Southern District of California in which, as suggested, Rule 84 is found. They throw no light on the precise question, except whatever may be argued from the existence of Rule 13. If that rule applied to bankruptcy matters, it is doubtful if notice to the trustee alone was the equivalent of the notice required by Rule 84.

General Order in Bankruptcy No. 4 (old), 11 U.S.C.A. following section 53, provided that:

"Proceedings in bankruptcy may be conducted by the bankrupt in person in his own behalf * * *. Every party may appear and conduct the proceedings by attorney * * *. The name of the attorney * * * with the place of business, shall be entered upon the docket * * * *."

Petitioning trustee cites the California Code of Civil Procedure, Section 1015, which provides:

"But in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be made upon the attorney instead of the party * * *."

It is to be remembered, however, during the time covered by this controversy, the rule of equity practice was the law:

"In proceedings in equity, instituted for the purpose of carrying into effect the provisions of the act, or for enforcing the rights and remedies given by it, the rules of equity practice established by the Supreme Court of the United States shall be followed as nearly as may be. In proceedings at law * * * the practice and procedure in cases at law shall be followed as nearly as may be. * * *" General Order 37 (old).

And although the Conformity Act, 28 U.S.C. § 724, 28 U.S.C.A. § 724, makes the section quoted from the Code of Civil Procedure applicable, the Conformity Act excludes equity cases from its operation, and the U. S. Statutes provide, Judicial Code, § 272, 28 U.S.C.A. § 394:

"In all the courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein."

The utmost efforts of counsel seem to have failed to discover controlling authority. The Federal Equity rules adopted by the U. S. Supreme Court on November 4, 1912, and which were in effect on September 12, 1938, provide in Rule 4, 28 U.S.C. A. following section 723:

"Neither the noting of an order in the Equity Docket nor its entry in the Order Book shall of itself be deemed notice to the parties or their solicitors; and when an order is made without prior notice to, and in the absence of, a party, the clerk, unless otherwise directed by the court or judge, shall forthwith send a copy thereof, by mail, to such party or his solicitor and a note of such mailing shall be made in the Equity Docket, which shall be taken as sufficient proof of due notice of the order."

Although this rule has been held to have no application to bankruptcy matters (In re Stafford, D.C., 240 F. 155), it may be reasonably argued that in connection with General Order 37 and by analogy, it should control the present situation.

The trustee had actual notice of the entry of the order on August 2, and he complied with it on August 12. Petition for review was not filed until September 23. The delay is fatal to the petition for review. Patents Process, Inc., v. Durst, 9 Cir., 69 F.2d 283. The petition for review must therefore be dismissed, and it is so ordered.