**BETHLEHEM FABRICATORS, Inc., v. JOHN BOWEN CO.**

Civ. A. No. 484.

District Court, D. Massachusetts.

May 17, 1940.

Anthony Brayton, of Hale & Dorr, of Boston, Mass., for plaintiff.

Harry Bergson, of Boston, Mass., for defendant.

SWEENEY, District Judge.

The plaintiff who is a subcontractor sued on his contract with the defendant, the John Bowen Co.

In addition to this right of action, the plaintiff could have had recourse to the performance bond furnished by the defendant and four sureties. No action was brought on this bond.

The defendant filed an answer and a counterclaim growing out of the contract on which the plaintiff sued. The plaintiff then filed a reply to the defendant's counterclaim, and in it included a counterclaim of its own. This claimed relief under the performance bond and against the various sureties who were all doing business in Massachusetts, and asked that they be joined as parties defendant in this action.

The defendant has orally moved to strike the plaintiff's counterclaim on the ground that Rule 13(a), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, applies only to defendants and involves compulsory counterclaims arising only out of the subject matter of the plaintiff's complaint.

I am not persuaded that Rule 13(a) applies only to defendants for the rule uses the words "pleadings" and "pleader" rather than "answer" and "defendant". If there is any ambiguity in the rule, recourse to the proceedings of the American Bar Ass'n. Institute in Washington and Cleveland indicates that the defendant's contention is without merit. At page 247 of the Report of the Cleveland Symposium it is stated: "It is required rather generally in these rules as well as in the pleading reform of the present day that you should settle all matters that you start litigating in a single action."

A glance at Rule 18 which was adopted contemporaneously with Rule 13 indicates that it was the intent of the framers of the New Rules to give the pleaders, that is, both the plaintiff and the defendant, the right to file a counterclaim, for, in that rule, it states: "(a) The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims * * *."

It seems therefore that Rule 13 permits this plaintiff to file the counterclaim, and I am persuaded that it should not be stricken. I think, with the defendant, that better practice would call for an amendment to the complaint rather than a counterclaim to a counterclaim (Downey v. Palmer, D.C., 31 F.Supp. 83), but the same results will be reached whichever course is pursued. See, also, Warren v. Indian Refining Co., D.C., 30 F.Supp. 281.

The question whether the plaintiff is compelled under Rule 13(a) to file this counterclaim is something that is left open.

The defendant's motion to strike is denied, and the plaintiff's motion that the Fidelity & Deposit Co. of Maryland, Fidelity & Casualty Co. of New York, Continental Casualty Co., and Standard Accident Insurance Co., be joined as parties defendant is allowed.