**SCHRAM v. HOLMES et al.**

No. 1077.

District Court, E. D. Michigan, S. D.
April 8, 1943.

Robert S. Marx, Orville J. Thill, and Frank M. Wiseman, all of Detroit, Mich., for plaintiff.

Miller, Canfield, Paddock & Stone, of Detroit, Mich., for defendants.

PICARD, District Judge.

The only question involved in this case is this: May a Federal court use its discretion in determining whether or not service of summons nine months after the bill of complaint was filed is valid?

Plaintiff brings suit here on a bank assessment. Complaint was filed May 2, 1939, and the statute of limitations would have barred the action three months later or on

July 31st. Service of process was made on defendant, Williams, January 29, 1940, almost nine months after filing the bill of complaint and six months after the statute of limitations had elapsed. Defendant lived in Royal Oak, Michigan, during all of that period. His address was correctly listed under his name in the Royal Oak city directory and also in the Royal Oak and Detroit telephone (suburban section) directories. No other person of his name or initials was listed in the Royal Oak book at that time. He is and was president of Cadillac Book Binding Company with offices in Detroit. His office address appears in the Detroit city directory and his company's name is correctly listed in the Detroit city and telephone directories. He could easily have been served during all of those nine months.

Plaintiff insists that this court has no right to inquire as to the diligence of his or the Marshal's efforts to effect service; that plaintiff did everything that was required of him and that the Marshal is presumed to have done his duty; that if the question of due diligence is a matter of discretion reviewable by this court, plaintiff claims he has met the test. In explanation of this he states that he had to start over 800 cases in the Federal court during the first six months of 1939 and this was only part of the litigation instituted during that period in this court; that he had to start these cases in order to toll the statute of limitations; that the Marshal had and did obtain additional process servers who were with him a very limited time and he then took the cases "in turn" serving defendants according to the alphabet; that this was an unusual situation and although nine months may not be due diligence under ordinary circumstances, that nevertheless because of the number of defendants, lack of bailiffs and process servers, and other numerous mitigating circumstances, it is apparent that due diligence was used in the service of this defendant, Williams.

### Conclusions of Law

This question has evidently never been decided by our Federal courts, although in the case of Schram v. Koppin, D.C., 35 F. Supp. 313, we discussed the problem of whether we might inquire into the matter of due diligence and held that we could. Under the present rules there is no time set in which a summons must be served and for this reason plaintiff argues that a summons served any time would be good. He intimates, however, that defendant could go before the court at the end of a year and on the theory that no progress had been made, have the suit dismissed with prejudice. In the Koppin case, supra, although fifteen months had elapsed between filing of the complaint and serving of summons, we held the service good. We so held, however, because there was an apparent attempt by defendant in that case to avoid service. But here there is no such attempt on the part of defendant. In the case at bar the bailiff just didn't get around to serving Williams. When he finally reached his name alphabetically, service was quickly made.

■ It is now generally recognized that when a bill of complaint is filed in the Federal Court suit is thereby commenced and the statute of limitations is then tolled. 28 U.S.C.A. §§ 723b and 723c; Equitable Life Assur. Soc. of United States v. Schwartz et al., 5 Cir., 42 F.2d 646; Andis v. Schick Dry Shaver, Inc., 7 Cir., 94 F.2d 271, 274; Gallagher et al. v. Carroll et al., D.C., 27 F.Supp. 568; Maier v. Independent Taxi Owner's Ass'n, 68 App.D.C. 307, 96 F.2d 579, 581.

Since there is no time set by our Federal Civil Court Rules in which service must be made, then if plaintiff is correct, the statute of limitations can be tolled by non-service of the summons at least one year. Thus, instead of having a six year statute of limitations, it becomes a seven year statute of limitations. And here defendant contends that if a defendant never knows there's a law suit pending against him—as he probably wouldn't—the summons might not be served for three, four, or possibly six years so that the six year statute of limitations would become a twelve year statute of limitations.

In this particular case the statute of limitations was actually tolled six months.

In 5 Mo.Law Rev. 1, 5 (quoted in 1 Edmunds, Federal Rules, Rule 3, 1940 Supp.) it is said:

"The Advisory Committee, itself, concluded that statutes of limitation are matters of substantive law, and raised the question whether the Supreme Court, under its power to make rules of procedure, could make a ruling defining what constitutes the beginning of a suit within the meaning of a state or federal statute of limitations."

We quote the above for what it states about "statutes of limitation" being "matters of substantive law" and not on the question of "what constitutes the beginning of a suit".

The enabling act, under which the rules governing procedure in the District Court of the United States were promulgated, granted the Supreme Court only the power "to prescribe, by general rules, for the district courts of the United States and for the courts of the District of Columbia, the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant." 28 U.S.C.A. § 723b.

■ If the statute of limitations is substantive law and if the rules may neither "abridge, enlarge nor modify the substantive rights of any litigant" and since Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, makes it mandatory upon this court to apply the law of the forum, to-wit, of Michigan, there appears to us to be no answer other than that this court has the right to determine whether the substantive rights of the parties have been "abridged, enlarged" or "modified."

■ This does not mean that we are writing anything new into the rules, but it has been held that distinction and difference between defects in process which are merely matters of form and substance must be recognized under both new and old statutes. Sweeney v. Greenwood Index-Journal Co., D.C., 37 F.Supp. 484.

In the State of Michigan its Rule 13 provides that the writ "may be made returnable * * * not less than ten days and not exceeding three months from the date when issued." The Michigan rules provide for alias to follow alias and although there is no comparable prohibition or limitation upon time for service nor even a designation of time in the form of the Federal court writ, we believe that the limit set in the Michigan rules should be taken into consideration in determining whether or not there has been due diligence in the service of process in a Federal court case—particularly when substantive rights have been invaded. We do not hold that service should have been made within three months provided by the state rules.

We believe that every case must stand on its own facts, Schram v. Koppin, supra, but not only did the plaintiff have an obligation to see that there had been some kind of service or attempt at service, here plaintiff, knowing that his own action had clogged the bailiff's office with hundreds of services to be made, we believe it was his duty to 'see that defendants were apprised within a reasonable time that suit had been entered against them.

In addition Michigan's Rule 16 provides for service of summons by registered mail —construed in Woodliff v. Baker, 279 Mich. 356, 272 N.W. 705. Plaintiff could have availed himself of this privilege. Federal Rule 4 (d) (7), 28 U.S.C.A. following section 723c. Plaintiff had those in his employ who were in a splendid position to comply with that rule which provides for identification of hand-writing, but with interest running at five percent against defendant at a time when interest rates were low, it could easily be argued that plaintiff was not overly anxious to acquaint any defendant of pending litigation as long as the statute of limitations was being tolled. We, of course, don't hold this to be a fact but that has been herein suggested by defendant and indeed might be an argument in some cases with some justification.

■ True, the Federal court is not now bound by the state statutes, but may interpret its own rules of procedure. Moore v. Illinois Central R. Co., D.C., 24 F.Supp. 731. And there are several holdings that the Federal Rules now supercede the Conformity Act, Title 28 U.S.C.A. Sec. 724. Karno-Smith Co. v. School Dist. of City of Scranton, D.C., 44 F.Supp. 860; Warren v. Indian Refining Co., D.C., 30 F.Supp. 281; In re Brown, D.C., 30 F.Supp. 286; Carnegie National Bank v. City of Wolf Point, 9 Cir., 110 F.2d 569; Swift & Co. v. Young, 4 Cir., 107 F.2d 170. But there is also authority for the position that where there is no direct conflict between the two the state rule or statute may still be effective. Kuenzel v. Universal Carloading & Distributing Co., Inc., D.C., 29 F.Supp. 407.

It must also be remembered that in Bowen v. Wilson, 56 App.D.C. 375, 15 F.2d 733, at a time when it was generally recognized that Federal service must conform with state service and where alias after alias was issued to protect the existence of a suit that had been filed, the district court

held a service made four years after the bill was filed was null and void. Here the Federal court did not conform to the state law and rules.

█ It is our conclusion that this court has the power to determine whether or not there has been due diligence used and we hold that in this particular action there was not. Nine months may not usually be of great importance in the life of a country or a world. On the other hand much can happen within that limited period. If the defendant had been served when he should have been served he might have made a settlement. It might have stopped interest running. He might have been in a position to offer a defense which he hasn't got now. Plaintiff knew for the greater part of six years that he was going to bring action against defendant some day if defendant didn't pay, but he held back almost the entire six years and then added six months more to the statute of limitations. In the meantime between the time of the filing the bill of complaint and serving of the summons, great events rocked the world. In fact it was in this interim that the second world war was started. Not that this necessarily had any disastrous effect upon defendant, but it may serve as illustrative of one reason why due diligence should be required at all times in the service of process. There are rapid changes of events nowadays that affect almost every individual. Home Savings Bank v. Young, 295 Mich. 725, 295 N.W. 474.

█ One point not argued by either party, but suggested by the court, is that entry of a general appearance by defendant might act as a waiver of any rights he may have gained in his answer and that he should have entered a special appearance attacking the service. Undoubtedly this would have been better since the general appearance is dated the 28th day of February and the answer is dated the 29th day of February. However, it appears from the records in the court that they were filed at the same time, to-wit, March 1st—the stamp bearing the hour of about 5:20 o'clock in the afternoon. In his answer, as part of his third defense, defendant does set up as a defense the failure of plaintiff to prosecute his action diligently and complies with Rule 8 requiring that the statute of limitations must be pleaded specially.

We believe he has protected his rights and for the above reasons we hold that the service was not good and the action against this defendant is dismissed.

An order may be submitted for our signature.