**SOUTHEASTERN INDUSTRIAL TIRE CO., INC.**

v.

**DURAPRENE CORP.**

Civ. A. No. 75–2616.

United States District Court, E. D. Pennsylvania.

Feb. 27, 1976.

**586**

Sidney B. Gottlieb, Philadelphia, Pa., for plaintiff.

J. Lawrence Grim, Jr., Perkasie, Pa., for defendant.

## MEMORANDUM AND ORDER

### EDWARD R. BECKER, District Judge.

Do the Federal Rules of Civil Procedure countenance a "Counterclaim in Reply"? That is the question raised by the present motion. Plaintiff, Southeastern Industrial Tire Co., Inc., an Alabama corporation, filed a contract action against defendant, Duraprene Corp., a Pennsylvania corporation, seeking $51,326.59 in payment for goods allegedly delivered to defendant. Jurisdiction is founded upon diversity of citizenship. 28 U.S.C. § 1332. Defendant counterclaimed alleging tortious interference with contracts, refusal to deal in violation of the antitrust laws, breach of contract, and defa-

mation. In reply, plaintiff filed its own counterclaim alleging that it suffered consequential damages as a result of defendant's failure to pay for tires sold by plaintiff to defendant. It is not clear whether any of these tires are goods for which plaintiff seeks payment in its original complaint. Defendant has now moved to dismiss plaintiff's counterclaim in reply on the grounds that it is an improper attempt to amend the complaint without leave of court or defendant's permission as required by Fed.R.Civ.P. 15(a), and that such a pleading is not permitted by Fed.R.Civ.P. 7(a).

Plaintiff responds to defendant's motion by citing two cases in which a counterclaim in reply has been allowed.[1] Plaintiff also points to commentary supporting the view that the Federal Rules authorize a counterclaim in reply.[2]

■ We find that both Fed.R.Civ.P. 13 and Fed.R.Civ.P. 18 contemplate counterclaims in reply. Rule 13 states that a *pleading* may state a permissive counterclaim and shall state any compulsory counterclaims. One such pleading which Fed.R.Civ.P. 7(a) authorizes is a reply to a counterclaim. Fed.R.Civ.P. 13 in conjunction with Fed.R.Civ.P. 7(a), thus authorizes a counterclaim to be stated in a reply to the counterclaim of the other party.[3] It is concomitantly clear that Fed.R.Civ.P. 7(a) does not prohibit the pleading of a counterclaim in reply. Moreover, since Fed.R.Civ.P. 18(a) specifically referred to counterclaims in reply prior to its amendment in 1966, and since the purpose of the amendment was to broaden the scope of claims that may be joined in a single action, we believe that it

1. *See Bethlehem Fabricators, Inc. v. John Brown Co.,* 1 F.R.D. 274 (D.Mass.1940); *Warren v. Indian Refining Co.,* 30 F.Supp. 281 (N.D. Ind.1939). We have discovered several more recent cases reaching the same result. *See Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197 (2d Cir. 1970); *Evans v. S. S. Kresge Co.,* 54 F.R.D. 536 (W.D.Pa.1972); *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.,* 50 F.R.D. 415 (D.Del.1970); *Ivey v. Daus,* 17 F.R.D. 319 (S.D.N.Y.1955); *Maison de Marchands Industrielle Limitee v. New York Silicate Book Slate Co.,* 13 F.R.D. 15 (S.D.N.Y.1952).

2. Plaintiff cites us to 3 Moore's Federal Practice § 13.08 (2d Ed.1974). We note that Professors Wright and Miller would recognize a compulsory counterclaim in reply but suggest that a permissive counterclaim in reply be treated as an amendment to the complaint. See 5 C. Wright & A. Miller, Federal Practice & Procedure § 1188 (1969).

3. A similar argument that Fed.R.Civ.P. 7(a) does not countenance a counterclaim in reply was apparently made by the objecting parties and rejected by the courts in *Bancroft* and *Evans, supra* note 1.

should be construed to continue to authorize a counterclaim in reply.[4]

 Defendant's contention regarding Fed.R.Civ.P. 15(a) is more problematic, although we find no inconsistency between allowing a counterclaim in reply and the limitations on the ability to amend contained in Rule 15(a) under the circumstances of this case. Here, defendant's counter-claim is permissive since it involves the entire course of dealing of the parties, not the contract on which plaintiff originally sued. By filing a permissive counterclaim defendant has voluntarily exposed itself to a counterclaim in reply and thus waived the protection that it might otherwise have been afforded by the Rule 15(a) limitations on the ability to amend.[5] There would,

4. *See* Amendments to Rules of Civil Procedure, 39 F.R.D. 69, 86 (1966). The Advisory Committee Notes state:

> Rule 18(a) is now amended . . . to state clearly, as a comprehensive proposition, that a party asserting a claim (an original claim, counterclaim, cross-claim, or third-party claim) may join as many claims as he has against an opposing party.

39 F.R.D. at 87. See also *Bancroft, supra* note 1; 3 *Moore's* § 13.08, *supra* note 2; 5 *Wright & Miller* § 1188, *supra* note 2.

5. Defendant does not raise jurisdictional or venue objections to the counterclaim in reply. We note, however, that there may be certain circumstances in which a plaintiff may be able to assert claims in federal court or in a particular federal court in a counterclaim in reply that he would not have been able to assert in his original complaint or an amendment thereto. The general rule regarding jurisdiction over counterclaims is that compulsory counterclaims fall within the ancillary jurisdiction of the court, *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631 (3d Cir. 1961), while an independent jurisdictional basis is necessary for permissive counterclaims. *See Sachs v. Sachs*, 265 F.2d 31 (3d Cir. 1959). As for venue, the Supreme Court has stated that the plaintiff waives venue objections to both permissive and compulsory counterclaims by filing suit. *See General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932). By analogy, it seems to us that an independent basis of jurisdiction would clearly be necessary for permissive counterclaims in reply, while compulsory counterclaims in reply would necessarily fall within the court's ancillary jurisdiction. Thus, the plaintiff may be able to state a compulsory counterclaim in reply, relying on the court's ancillary jurisdiction, over which the court would not have had subject matter jurisdiction if the plaintiff had raised it in his complaint or an amendment thereto. An example might be a case in which a plaintiff brings a federal cause of action, defendant answers with a permissive counterclaim which is also a federal cause of action, and then plaintiff files a compulsory counterclaim relying on state law, and there is no diversity or the state law claim is for less than $10,000. Thus, where the defendant would have been able to object to federal jurisdiction if the plaintiff had stated the claim in his original complaint, he would not be able to object to the jurisdiction of the compulsory counterclaim in reply. We do not, however, find this difficulty to be a rationale for prohibiting the assertion of counterclaims in reply. The burden on the federal courts from the addition of these claims to their ancillary jurisdiction would not be substantial. It also seems unlikely that the plaintiff will be able to maneuver to get claims into federal court that would otherwise have to have been brought in state court. Additionally, the defendant may be said in effect to waive the right he would have had to object to subject matter jurisdiction by filing his permissive counterclaim. We would not be able to find such a waiver, of course, if plaintiff filed a compulsory counterclaim in reply to a compulsory counterclaim, since the defendant is forced to file or give up the claim. Although we cannot think off hand of a situation where the court would not have had jurisdiction over the compulsory counterclaim in reply if it had been stated in the original complaint (unless the court had decided not to invoke its pendent jurisdiction in a situation where it could have), we do not preclude the possibility that one could arise. Such situations, however, would be so rare that our decision regarding the cognizability of counterclaims in reply is unaffected by this possibility.

As for venue, the waiver rationale of *G. E. v. Marvel, supra*, would apply to situations in which defendant filed a permissive counterclaim, since the defendant thereby puts himself in the position of a plaintiff and, in effect, voluntarily consents to be sued in that court. Such is not the case, of course, if defendant files a compulsory counterclaim. In that situation, the venue provision upon which the court's venue over the original complaint is founded would generally also provide the venue for the compulsory counterclaim in reply. However, a situation may possibly arise where this would not be so. The court would then have to determine whether to validate venue on a theory analogous to ancillary jurisdiction, to transfer under 28 U.S.C. § 1406, if applicable, or to dismiss without prejudice to the claim's being asserted elsewhere. In the case of a permissive counterclaim in reply to a compulsory counterclaim, the defendant should be allowed to interpose venue objections.

588

however, be no such voluntary waiver if defendant had been forced to file a compulsory counterclaim on penalty of giving it up if not filed. Although we are not faced here with the question of whether a counterclaim in reply may be filed after a compulsory counterclaim without complying with Rule 15(a), we believe, for the reasons stated earlier, that the Federal Rules clearly authorize a counterclaim in reply even in those limited circumstances where the plaintiff would not have been able to augment his claim if it were not for the fact that the defendant had filed a compulsory counterclaim.[6]

█ In finding that a counterclaim in reply is a cognizable pleading under the circumstances of this case, we are not insensitive to the prospect (or perhaps we should say the specter) that the counterclaim in reply may indeed engender a reply to the counterclaim in reply. Trained as we have been in the post code-pleading practice of law, centuries removed from the legacy of Baron Surrebutter,[7] we find that prospect appalling. The jury to whom such matters might be submitted (if the case is not submitted on special interrogatories) might well find it mind-boggling, or at least confusing. Lest the trier of fact be confronted with a veritable farrago of legal documents, we believe that, for reasons of clarity and practicality, it would be better to treat the counterclaim in reply as an amendment to the complaint. Indeed, the plaintiff has alternatively asked leave to amend its complaint. Under the circumstances, we believe that justice requires that we strike the counterclaim in reply and grant the plaintiff leave to file an amendment to its complaint within 20 days.[8]

6. This situation would, of course, only arise in the event that a compulsory counterclaim had been filed and the circumstances were such that the court would refuse to grant leave to amend.

7. See 9 W. Holdsworth, A History of English Law 417 (1926).

8. This result is recommended by Professors Moore, see 3 Moore's § 13.08, at 13–183, and Wright and Miller, see 5 Wright & Miller § 1188.