In re Liza CHONG, Debtor.

Scott NAKAGAWA, Interim Trustee of Liza Chong, Plaintiff,

v.

Morris NISHIMURA and Lou Hon Wing, Defendants.

Bankruptcy No. 80–0075.

United States Bankruptcy Court, D. Hawaii.

March 5, 1981.

Bert T. Kobayashi, Jr., John T. Komeiji, Honolulu, Hawaii, for defendants.

Connie Meredith, Honolulu, Hawaii, for plaintiff.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER TO COMPEL DEPOSITION OF LOU HON WING

JON J. CHINEN, Bankruptcy Judge.

On December 4, 1980, Trustee Scott Nakagawa, hereafter "Plaintiff", filed a motion to compel deposition of Lou Hon Wing, hereafter "Defendant."

Hearing on this motion was held on December 8, 1980 with Attorney John Komeiji appearing on behalf of Plaintiff, and Attorney Connie Meredith appearing on behalf of Defendant. At the hearing, the Court took the matter under advisement.

Based on the arguments of counsel, the memoranda and records herein, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On October 6, 1980, this adversary proceeding was filed by Scott Nakagawa, Trustee for the estate of Liza Chong, to seek the avoidance of an alleged fraudulent transfer of property made to Defendant.

2. Defendant answered the complaint on November 21, 1980 and filed a counterclaim against the Plaintiff for filing a frivolous lawsuit.

3. On November 24, 1980, Plaintiff's attorney served on the attorney for Defendant notice to depose Defendant on December 2, 1980 at 11:00 a. m. Defendant's attorney informed Plaintiff's attorney that the Defendant would not be available in the City and County of Honolulu for the deposition as Defendant is a citizen of Taiwan and resides in Taipei.

4. Defendant made no motion for a protective order pursuant to Bankruptcy Rule 726 and 26(c) of the Federal Rules of Civil Procedure.

5. On December 2, 1980, Defendant did not appear for the scheduled deposition.

6. On December 8, 1980, a hearing on the Motion to Compel Deposition of Lou Hon Wing was held. At the hearing, Defendant's attorney made the following objections to the taking of Defendant's deposition:

a. *Insufficient Notice of Deposition*

Seven days notice does not give sufficient time for a citizen of Taiwan to travel and prepare for a deposition in Honolulu, Hawaii.

b. *Improper Forum to Depose*

The Defendant should be deposed in Taiwan rather than Honolulu, Hawaii. The filing of Defendant's counterclaim against Plaintiff does not impose forum jurisdiction for the taking of Defendant's deposition.

Plaintiff made the following arguments in favor of the Motion to Compel Deposition of Lou Hon Wing in the City and County of Honolulu, Hawaii.

a. Notice of deposition was sufficient and proper;

b. The Defendant voluntarily submitted himself to the City and County of Honolulu as the forum for deposition by filing a permissive counterclaim against the Plaintiff.

7. Based on the foregoing, the following issues are before this court:

A. Did Lou Hon Wing receive sufficient notice to comply with the deposition request?

B. Is the City and County of Honolulu the proper forum to depose Lou Hon Wing?

8. These Findings of Fact, insofar as they are Conclusions of Law, are incorporated by reference in the Conclusions of Law hereafter stated.

## CONCLUSIONS OF LAW

A. Did Lou Hon Wing receive sufficient notice to comply with the deposition request?

1. Under Bankruptcy Rule 730 the rules and procedures regarding depositions upon oral examination are set forth in Rule 30 of the Federal Rules of Civil Procedure. Rule 30(b)(1) provides:

A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action.

The determination of what constitutes reasonable notice lies within the discretion of the Court. When a party who was duly served with notice of deposition wishes to enlarge the time for taking the deposition, an appropriate motion may be made. *See* Rule 30(b)(3).

2. Defendant had seven (7) days notice of the scheduled deposition. A motion to enlarge the time period was never made by Defendant nor was a motion for a protective order from discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure filed. Additionally, the objection to the seven day notice was not raised until the hearing on the Motion to Compel Deposition, two days after the scheduled deposition was to take place. Under these cir-

cumstances, the Court finds the notice for taking of deposition was reasonable. The defendant had evidenced no intention to submit to a deposition in Honolulu regardless of the notice time period.

B. Is the City and County of Honolulu the proper forum to depose Defendant Lou Hon Wing?

3. Lou Hon Wing is a citizen of Taiwan. The property alleged to have been fraudulently transferred to Mr. Wing is in the State of Hawaii. A defendant will usually be examined by deposition at his residence or place of business. 4 *Moore's Federal Practice*, 26.70 (1—3). However, if the defendant files a permissive counterclaim, in a foreign jurisdiction, the defendant has voluntarily submitted himself to be examined in that jurisdiction. *See Continental Federal Savings & Loan v. Delta Corporation of America*, 71 F.R.D. 697 (D.Okla.1976). This is in accord with the general rule that upon filing a permissive counterclaim, a defendant puts himself in the position of a plaintiff and voluntarily consents to be sued and to waive jurisdictional objections he may have with the forum. *See General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932); *Southeastern Industrial Tire Col, Inc. v. Duraprene Corp.*, 70 F.R.D. 585 (Pa.1976).

4. In determining whether or not Mr. Wing should be deposed in the City and County of Honolulu, the nature of his counterclaim must be first ascertained. If the counterclaim is compulsory, Mr. Wing can only be deposed in Taiwan, unless he agrees to be deposed in Hawaii. However, if the counterclaim is permissive, Mr. Wing may be deposed in the City and County of Honolulu.

5. Bankruptcy Rule 713 incorporates by reference Rule 13 of the Federal Rules of Civil Procedure on Counterclaim and Cross-Claim. Rule 13 provides:

### Rule 13.
### COUNTERCLAIM AND CROSS-CLAIM

(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

(b) *Permissive Counterclaims.* A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

*In Federman et al. v. Empire Fire and Marine Insurance Company et al.*, 597 F.2d 798 (2d Cir. 1979) a three-pronged test to determine the nature of a counterclaim was set forth. The court stated that the following factors should be considered: (1) Identity of facts between the original claim and counterclaim, (2) Mutuality of proof, (3) Logical relationship between the original claim and counterclaim. Using the above test, the court finds that Defendant's counterclaim is permissive. An action for frivolous lawsuit is separate and distinct from an action for fraudulent transfer of property. The actions are based upon separate sets of facts and require different proofs. There is no logical relationship between an action for frivolous lawsuit and an action for fraudulent transfer.

6. The Defendant has voluntarily submitted himself to this forum through filing his permissive counterclaim. He therefore should make himself available for the taking of his deposition in the City and County of Honolulu.

7. These Conclusions of Law, insofar as they are Findings of Fact are incorporated by reference in the Findings of Fact herein above stated.

Based on the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED that Defendant Lou Hon Wing, submit to the taking of deposition in the City and County of Honolulu.