**TURNER & BOISSEAU, CHARTERED, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.**

No. CIV.A. 95–1258–DES.

United States District Court, D. Kansas.

Oct. 1, 1997.

Daniel G. Menzie, Peter G. Collins, Wichita, KS, Hal D. Meltzer, Overland Park, KS, for Plaintiff.

Lee M. Smithyman, David J. Roberts, Overland Park, KS, for Defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's Motion to Dismiss Plaintiff's Counterclaim to Defendant's Counterclaim (Doc. 125). For the reasons set forth below, defendant's motion is denied.

## I. BACKGROUND

Turner & Boisseau ("T & B") filed a simple contract action in Barton County District Court to collect fees for services rendered pursuant to an oral contract with Nationwide Mutual Insurance Company ("Nationwide"). Although T & B was aware of facts supporting a claim for fraud and punitive damages at time of filing suit, it chose not to pursue the claim at that time. Nationwide removed the case to the federal district court under the court's diversity jurisdiction. Nationwide then filed an answer and counterclaim seeking judgment for the entire amount of fees paid to T & B under the aforementioned oral contract.

Nationwide's original counterclaim asserted that T & B had breached its contract and had been negligent in providing legal services under the contract. Thereafter, with leave of the court, Nationwide amended its counterclaim to add allegations that T & B committed fraud in billing Nationwide for legal services rendered pursuant to the aforementioned contract, and to seek punitive damages. In its answer to the amended counterclaim, T & B included a counterclaim in reply which alleges that Nationwide committed fraud by inducing T & B into providing legal services for which it had no intention of paying.

## II. DISCUSSION

■ The question before the court is whether plaintiff can advance a counterclaim in reply to defendant's counterclaim. Defendant argues Fed.R.Civ.P. 7(a) does not authorize a counterclaim in reply to a counterclaim. Plaintiff responds that the weight of authority supports the view that the Federal Rules of Civil Procedure permit a plaintiff to include a counterclaim in a reply. While plaintiff is correct in that some district courts have allowed plaintiffs to include counterclaims in a reply, those cases appear to involve compulsory counterclaims in reply to a defendant's permissive counterclaim. Plaintiff cites one case, however, from the Eastern District of Pennsylvania, which lends some support to plaintiff's argument. In *Southeastern Indus. Tire Co., Inc. v. Duraprene Corp.*, 70 F.R.D. 585 (E.D.Pa.1976), the

court, in dicta, stated that "the Federal Rules clearly authorize a counterclaim in reply even in those limited circumstances where the plaintiff would not have been able to augment his claim if it were not for the fact that the defendant had filed a compulsory counterclaim." *Southeastern Indus. Tire Co., Inc. v. Duraprene Corp.*, 70 F.R.D. 585 (E.D.Pa.1976). Nonetheless, the court is not convinced the Tenth Circuit would adopt this method of circumventing the limitations of Rule 15(a). The court instead believes that plaintiff's proper course of action would be to move for leave to amend its complaint pursuant to Fed.R.Civ.P. 15(a) and, for present purposes, plaintiff's counterclaim in reply shall be construed as such.

■ Fed.R.Civ.P. 15(a) provides that a party may amend the pleadings after the time for amending as a matter of course "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). The Supreme Court explained, in *Foman v. Davis*, the approach that should be taken by district courts in deciding whether to allow a party to amend a pleading:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "Generally, refusing leave to amend is only justified upon a showing of undue delay, bad faith, or undue prejudice to the opposing party." *Childers v. Independent Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir.1982).

■ "In the absence of a specific factor such as flagrant abuse, bad faith, or truly inordinate and unexplained delay, prejudice

to the opposing party is the key factor to be evaluated in deciding a motion to amend." *Federal Deposit Ins. Corp. v. Berr,* 643 F.Supp. 357, 359 (D.Kan.1986) (citation omitted). Prejudice under Fed.R.Civ.P. 15 "means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the other party." *Id.* (quoting *Deakyne v. Commissioners of Lewes,* 416 F.2d 290, 300 (3d Cir. 1969)). "The party opposing the amendment of the pleadings has the burden of showing prejudice." *Id.* (citing *Beeck v. Aquaslide 'N' Dive Corp.,* 562 F.2d 537, 540 (8th Cir. 1977)).

■ T & B's counterclaim in reply, construed here as a motion to amend its complaint, was filed about six months after the deadline for amending pleadings. Thus, T & B may amend its complaint only by leave of the court. Nationwide makes no arguments regarding bad faith or undue prejudice. Instead, Nationwide argues that any motion to amend should be denied because plaintiff has known about the facts underlying its counterclaim to Nationwide's counterclaim for over four years. The court notes, however, that the deadline for amending pleadings was April 15, 1996, and Nationwide did not file its counterclaim until June 25, 1996. Under the circumstances, and in light of defendant's failure to advance any claim of prejudice, the court finds that justice requires the court strike plaintiff's "counterclaim to defendant's counterclaim" and grant plaintiff leave to amend its complaint.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion to Dismiss Plaintiff's Counterclaim to Defendant's Counterclaim (Doc. 125) is denied.

**IT IS FURTHER ORDERED** that plaintiff's "counterclaim to defendant's counterclaim" is stricken and plaintiff is directed to file an amendment to its complaint within ten days.